May Term,
1846.

THE STATE
BANK
v.
BOWERS.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*D. Mace* and *A. M. Crane*, for the plaintiff.
*H. W. Chase*, for the defendant.

---

## THE STATE BANK v. BOWERS and Others.

A bill of exchange drawn by a person resident in this state, payable in *New Orleans*, and directed to himself in that city, was protested for non-payment. *Held*, that the drawer was liable to five *per cent.* damages on the bill.

ERROR to the *Vigo* Circuit Court.

DEWEY, J.—Assumpsit by the state bank against *Bowers* and others; plea, the general issue; trial by the Court; and judgment for the plaintiff.

The only question in the cause is, whether five *per cent.* is allowable for damages on the protest of a certain bill of exchange. The bill bears date *Dec'r* 29th, 1840, and was drawn by *Silas Bowers*, a resident of *Parke* county in this state, upon himself, for 2,100 dollars payable at the Commercial Bank of *New Orleans, La.*, five months after date, and was directed "To. Mr. *Silas Bowers, New Orleans.*" The bill was protested for non-payment at maturity, and returned to the holder, the branch bank at *Terre-Haute.* The plaintiff claimed five *per cent.* damages in consequence of the non-payment of the bill. The Circuit Court disallowed the claim.

The demand is made under the statute of 1838, the language of which is, "That when any bill of exchange shall be drawn for the payment of any sum of money, and such bill shall be legally protested for non-acceptance, or non-payment, the drawer or indorser shall be subject to the payment of ten *per cent.* damages thereon, if drawn on any person living without the jurisdiction of the *United States;* and five *per cent.* damages thereon, if drawn on any person residing within the jurisdiction of the *United States*, and without the jurisdiction of this state." R. S. 1838, p. 120.

We think the bill in question comes within the equity and spirit of the statute. To the holder of a bill, directed to and payable at *New Orleans*, it can make no possible difference whether the drawee lives there or elsewhere; in either case, the holder is obliged to take precisely the same steps to secure a recourse upon the drawer, or indorser, and is subjected to the same disappointment and inconvenience, provided the money is not paid by the drawee. The object of the statute, as declared by its preamble, was to advance trade and commerce by preserving the credit and ensuring the prompt payment of bills of exchange. That object will be but partly effected if the statute does not embrace such bills as this. Besides, the holder who receives a bill in the course of business may not know, in point of fact, whether the drawee is a resident of the place to which the bill is directed, and

May Term,
1846.

where it is payable, or not; but he does know where he is to present the bill for acceptance and payment; and he is not bound to look beyond the face of the bill for the residence of the drawee; nor ought he to be injuriously affected if the fact be not as indicated by the bill itself. The phraseology of the statute seems to be the result of inadvertence, and not of a design to exclude bills like that under consideration from its operation. The present statute avoids the difficulty by a more guarded expression, giving the damages upon protests of bills drawn on any person at any place, &c., being silent as to the place of residence of the drawee. R. S. 1843, p. 576. The Circuit Court erred in not allowing 5 *per cent.* on the bill.

*A. Kinney* and *S. B. Gookins*, for the plaintiff.

*T. A. Howard*, for the defendants.