Bosworth, J,
The complaint is clearly bad. It does not contain “ a plain and concise statement of the facts constituting a cause of action,” The Code requires a complaint to contain them (§ 142), The rules by which the sufficiency of a pleading is to be determined, are those prescribed by the Code (§ 140). A stranger to this transaction can learn nothing of its precise nature or character, from the complaint.
Because a defendant receives notes and effects to a plaintiff’s use, he does not, as a matter of course, become liable to pay him the amount of them. Whether he has incurred such a liability, may depend upon a variety of facts; upon the pur« *672 pose or object for which he received them ; whether he undertook to convert the effects into money, and to collect the notes; whether he has made himself liable for not collecting or converting ; whether he has disposed of them on his own account, or some of many other facts which readily occur to the mind.
Whether a defendant has received money or property to the use of another, is usually a question of law, depending upon facts which are to be litigated, and found by the court or a jury. Each of the material facts, essential to raise and uphold such a conclusion of law, is a fact which should be stated .in the complaint; and the whole of such facts constitute the cause of action. If enough are not stated, to raise and uphold such a legal conclusion, enough are not stated to constitute a cause of action, and the complaint is demurrable for that cause.
What the facts are, on which the plaintiff will insist, that, in judgment of law, certain moneys, notes, and effects were received by the defendants, to and for the use of Zaehrisson, the complaint does not state. • Nor does it state the facts, which are relied upon, as sufficient to create a legal liability of the defendants, to pay to him, in money, the amount of any notes they may have received to his use. It does not allege that they are due, have been paid, or misappropriated, or that the defendant has failed or refused to apply them to the purpose for which they were received, or to deliver them to the plaintiff. JQf the defendant is liable to pay the amount of any notes he may have received for the plaintiff, it is by reason of facts, .beyond that of so receiving them. If such facts exist, they are not stated. The facts which, in judgment of law, create such an indebtedness or liability, should be stated in the complaint, In this complaint, no facts are stated. It simply affirms a legal conclusion, without a statement of the facts on which it is founded. The account annexed to the complaint, obscures, instead of making fhe real grounds^of the claim apparent.
The defendant is entitled to judgment on the demurrer (Getty v. Hudson Railroad Company, 8 How. P. R. 177).
But the plaintiff may amend his complaint in twenty days, on payment of the costs of the demurrer.
Approved, oh consultation.