## JASON RICHARDS, Appellant,

*vs.*

## GEORGE WORTHLEY Appellee.

APPEAL IN EQUITY FROM MILWAUKEE CIRCUIT COURT.

Where the defence set up to a foreclosure suit is usury, the defendant will be held strictly to proof of the usurious contract set up in his answer.

A variance between the usurious contract set up in the answer, and the proof at the hearing, is fatal to the defence of usury.

Courts are strict in requiring proof of the precise usurious contract set out in the pleadings, and will not permit the party to prove another or different contract, although that other be in fact usurious.

THIS was a bill filed by the appellant to foreclose a mortgage executed by the appellee to the appellant. The mortgage and note which it was given to secure, were dated the 20th December, 1852, payable two years after date, with interest at the rate of twelve per cent., payable semi-annually. In the mortgage was a covenant, that in case of foreclosure by reason of the default of the mortgagor, he would pay the sum of fifty dollars solicitor's fees.

The answer admitted the making of the note and mortgage, and delivery of the same to B. B. Richards, who claimed to be the son and agent of the complainant, and was a practicing lawyer at Milwaukee. By way of defence, the answer set up an alleged usurious agreement between B. B. Richards, the complainant's agent, and the defendant, to the effect that the defendant should give to the complainant the note and mortgage in question, in consideration of one hundred and eighty-five dollars to be lent by the complainant to the defendant. That accordingly the complainant advanced that sum, and no more, to the defendant, through the said B. B. Richards as the agent of the complainant, and received the note and mortgage. The answer also avers, that the sum of fifty dollars is more than solicitor's fees are worth in foreclosing a mortgage, and was a mere cloak

and pretence for securing more than the legal rate of interest. The answer further alleges, that the note and mortgage were made to secure a pretended loan of two hundred dollars, but that a part of that sum was never received, but was "included in the note and mortgage under the color and name of commissions" to the agent, but in reality as illegal interest, contrary to the form, &c., of the statute, &c. The defendant further in his answer alleged, that "according to his best knowledge, recollection, information and belief," only one hundred and eighty-five dollars were lent to him upon the note and mortgage, and that fifteen dollars, or thereabouts, were reserved in the note and mortgage to the complainant under the color of commissions for loaning the money and drawing the papers, but were as the defendant charged, a profit made to the complainant or his agent, and loss imposed on the defendant, in violation of the act entitled " An act to limit the rate of interest."

The case was brought to hearing upon the bill, answer, replication and proofs.

To sustain the usurious contract set up in the answer, the defendant read in evidence the deposition of B. B. Richards, who testified that the complainant was a resident of Illinois, and witness was his son, and in 1852 lived in Milwaukee, and was engaged in the practice of the law ; that he then had in his hands money belonging to the complainant, to be invested on real estate security. In December, 1852, the witness agreed to loan, and did loan, to the defendant two hundred dollars, and took in security a mortgage, which he supposed to be the one in question. The defendant executed the note and mortgage and delivered them to the witness for the complainant. The money belonged to the complainant, and was all paid over to the defendant, or to some one at his request, but which, he did not remember. He thought about. two-thirds was paid by check to the defendant when the papers were executed, and the remainder left in witness' hands at the defendant's request, until a prior lien upon the mortgaged premises should be discharged. This was soon done, and the money paid over. "It was further agreed between the defendant and the witness, at the time of making

the loan, that the defendant should pay all necessary expenses in time and money incurred in making the loan, and in procuring security for the same. Defendant paid him for said expenses, according to his agreement, but the precise amount he cannot now state; he feels sure that it was not less than ten nor more than twelve dollars. That the items of labor and disbursement for which it was paid were a written abstract of title, hiring horse and buggy to see the land and to see individuals respecting the property and its value. Besides this, defendant was charged for making out papers and putting the same on record, making in all the sum before stated. Whether this sum was paid at the time the loan was made, or at the time the last third was paid, or afterwards, witness does not recollect, but he presumes it was when the loan was made, as that was customary. There was no understanding between complainant and witness as to the compensation he was to receive for loaning the money and collecting the same. When doing the like services for other persons at the time he charged commissions, but to his father he charged none, paying to him all that he received of interest, that is, twelve per cent. per annum, because he was his father.

The complainant's counsel objected to the evidence, as immaterial and irrelevant to the issue, which objection was overruled, and at the May term, 1856, the court below made a final decree, dismissing the bill with costs, and declaring the note and mortgage usurious and void; from which decree the complainant appealed.

*Smith & Salomon*, for the appellant.

*Yates & Fraser*, for the appellee.

*By the Court*, WHITON, C. J. Without attempting to decide whether the facts elicited by the testimony are sufficient to establish usury in the mortgage attempted to be foreclosed, we think there is a fatal variance between them and the allegations contained in the answer.

The authorities cited by the plaintiff's counsel show that courts are quite strict in cases of this kind, in requiring proof of the precise contract set out in the pleadings, and will not permit a party to prove another. *Cloyes vs. Thayer*, 3 *Hill*, 564; *Moore vs. Ditmas*, 4 *Paige*, 526.

There appears to be no hardship in this rule, because a party who has made an usurious contract which he seeks to avoid has the power to set it forth correctly. In this case the defendant had the power to set forth in the answer all the facts which he proved at the hearing, and relied upon to prove the usury. But he did not do so; he set out quite a different contract so far as the facts are concerned, and according to all the authorities, should be confined to the proof of them.

For these reasons we must reverse the decree of the court below. Decree reversed.