Scott, J.
The plaintiffs in error drew a bill of exchange at Cincinnati for $5,000, addressed to “ Taylor & Cassily, New Orleans,” which was purchased by the defendant in error, and having been transferred to other parties, was at maturity returned protested for non-payment. The defendant in error thereupon took up the bill, 170] paying the ^holders the full amount thereof and six per cent, statutory damages; for which amount, including said damages, the ■defendant in error subsequently recovered a judgment against the plaintiffs in error, at a special term in the Superior Court of Cincinnati. This judgment was, at a general term of said court, on petition in error, affirmed; and this judgment of affirmance is now sought to be reversed, mainly for the reason that the said Superior Court erred, as is alleged, in rendering judgment for six per cent, .-statutory damages upon the protest of this bill.
C. W. West & Co., the ¡plaintiffs in error, are flour dealers in Cincinnati. Taylor & Cassily are a mercantile firm having business houses both in Cincinnati and New Orleans — Taylor living in New •Orleans, and Cassily in Cincinnati. .These houses kept distinct .accounts with each other, the same as with the individual members of the firm and their customer^ generally. The draft in question was accepted by Cassily in Cincinnati, for, and to be paid by, the .New Orleans branch of the 'house. It was, in fact, drawn for the .accommodation of the acceptors, but this fact was unknown to defendants in error, who had previously purchased other drafts from the same parties, and had always been informed that they were -drawn against flour shipped by C. W. West & Co. to Taylor & Cassily for sale.
The statute “ ascertaining damages on protested 'bills of exchange,” provides in its first section “ that when any bill of exchange shall be drawn for the payment of any sum of money, and .such bill shall be legally protested for non-acceptdnce or non-payment, the drawer or drawers, indorser or indorsers, shall bo subject to the payment of twelve per centum damages thereon, if drawn •on any person or persons, or body corporate, without the jurisdic *171, 172 tion of the United States; and six per centum damages thereon, if ■drawn on any person or persons, or body corporate, *within [171 the jurisdiction of the United States, and without the jurisdiction ■of this state,” etc. Swan’s Stat. 576.
Now, it is claimed by the plaintiffs in error, that the bill in question is not “ drawn on persons without the jurisdiction of this state,” because Cassily, a member of the firm, resided in Ohio ; that the damages allowed by the statute are in the nature of a penalty, and the statute is, therefore, tobe construed strictly, and that the words “person or persons” as used in the statute, do not, therefore, embrace a firm, as distinct from the persons who compose it; and that even were it otherwise, yet, as one branch of the house of “Taylor & Cassily” is located and carrying on business in Cincinnati, this bill is not drawn on a firm without the jurisdiction of this state.
The principal authority relied on by the plaintiff in error is the case of Farmers Bank of Canton v. Brainerd et al., 8 Ohio, 292. That was an action brought against the defendants, as drawers and indorsers of a bill of exchange, drawn on one Joy H. Pendleton, payable at the office of John Ward & Co., in the city of New York, and which was protested for non-payment. Pendleton, the drawee, was a resident of Ohio, and Judge Hitchcock, delivering the opinion of the court, held, that although the bill was payable in New York, yet, as the drawee was a resident of Ohio, the plaintiff was not entitled to the statutory damages. But the facts in that case, as well as in the similar case of Clay v. Hopkins et al. (3 Marsh. 488), which Judge Hitchcock refers to as an authority in point to sustain his decision, are, in several material points, unlike those in the case under consideration. For, in each of those cases, the bill was drawn, not on a, firm, but an individual, resident within the state, and not appearing to have any place of business without the state, at which the bill was addressed to him. The judgment under.review does not, therefore, ^necessarily conflict with the decis- [172 ion in 8 Ohio. It is not necessary to adopt all the reasoning of the court in that case in order to justify the decision. It may well be sanctioned under the ¡^articular facts of that case, without holding that the damages allowed by the statute are in the nature of a penalty, and, therefore, are only to be allowed in cases which can be fully brought within the precise words of the statute.
According to the law merchant, uncontrolled by local usage, or statutory regulation, where a foreign bill of exchange is pro *173 tested for non-payment, the holder is entitled to recover the face of the bill, and the charges of the protest, with interest from the time when the bill ought to have been paid, and also the price of re-exchange, so that he may purchase another good bill for the remittance of the money, and be indemnified for the damage arising from the delay of-payment. (See opinion of Ch. J. Parsons in Grimshaw v. Bender, 6 Mass. 157). The statute, having its reason,, doubtless, in the convenience of avoiding all disputes growing out. of the claim for re-exchange, substitutes therefor six per cent, as a? uniform compensation.
This amount, though in many instances liberal as a compensation,, is doubtless, in many other instances, wholly inadequate as an indemnity to the holder of a foreign bill, for its non-payment at maturity. If then, these statutory damages are not a penalty, but are intended simply as a compensation to the holder for actual loss and damage resulting to him from the failure of the drawer or indorser to comply with the terms of his contract, there can be no-good reason for giving such a strict and literal construction to the statute as would wholly ignore its reason, equity, and spirit. It can hardly be doubted that the terms, “any person or persons, or body coi’porate,” as used in the statute, were intended to include 173] all persons, natural or artificial, *upon whom bills of exchange could properly be drawn. Can any good reason be assigned why mercantile firms, by whose agency so much of the commerce of the world is transacted, should be excluded from the operation of a statute designed to regulate commercial paper?
The bill in question was not drawn upon the natural persons composing the firm of Taylor & Cassily, but upon thefirni itself, that. ideal, mercantile person, known to the world as “ Taylor & Cassily,” to whom it is addressed as domiciled at New Orleans; and by-whom, as such firm, so domiciled, it was accepted.
In the foreign character thus given to this bill, there was nothing-fraudulent or false. The firm of Taylor & Cassily have a distinct branch of their mercantile house domiciled and actively engaged in business at New Orleans; keeping its own books of account, as well with the Cincinnati branch of the same house as with its customers generally. Upon this New Orleans branch of the firm, the bill was-understood by the parties to be drawn ; for this branch it was accepted ; at its place of business it had to be presented for payment ; and there it was expected, in good faith, to be paid. Under these- *174 ■circumstances, we think the bill in question comes clearly within ■the spirit of the statute; it was drawn on a mercantile “ person without the jurisdiction of this state.”
We are not aware of any authorities with which this opinion conflicts. On the contrary, in Kentucky and in Indiana, a still more liberal construction has been given to statutes, similar to our own on this subject. Wood v. Farmers and Mechanics’ Bank of Lexington, 7 Mon. 281; The State Bank v. Bowers et al., 8 Blackf. 72. In the former of these cases, a bill of exchange drawn in Kentucky, and addressed to Mr. James I. Wood, New Orleans, was held to be a bill drawn upon a person out of the state, *and statu- ]174 tory damages were given accordingly; although the drawee, for years before and after the date of the bill, was a resident of Kentucky. And in the latter case, a bill drawn by a person resident in Indiana, payable in New Orleans, and directed to himself, in that city, was held, upon protest for non-payment, to come within the equity of the statute. The case of Grimshaw v. Bender, 6 Mass. 157, referred to by Judge Hitchcock in 8 Ohio, 292, simply decides that the domicil of a mercantile house, upon which a bill of exchange is drawn, determines the foreign or inland character of the bill.
As to the other points on which error has been assigned, they have not been discussed by counsel for plaintiff. We do not suppose they are relied upon ; and it may be sufficient to say, that we think they are not well taken.
The judgment of the Superior Court is affirmed.
Bartley, C. J., and Swan, Brinkerhoee, and Bowen, JJ., concurred.