MATTHEW FINLEY, Respondent, vs. PATRICK QUIRK, Appellant.

APPEAL FROM THE DISTRICT COURT OF RICE COUNTY.

The fact that a horse on trial, three or four days after purchase, proved to be "balky," is evidence that he was "balky" at the *time of purchase*.

"Upon appeal to the District Court the Plaintiff moved that the surety on the Defendant's appeal bond be required to justify, or that he be required to furnish another surety. The Court ruled that if the Plaintiff would make affidavit that the surety was insufficient he would require him to justify or the Defendant must procure another. To this ruling Defendant excepted, and furnished another surety." *Held*—that there was here no order or operative ruling to which to except.

The fact that since the commencement of the action a good and responsible party offered $100 for the horse, which offer was refused, is not evidence of the *value* of the horse.

A sale of a horse consummated on the Sabbath is void, and an action on the warranty in such sale will not lie.

If, in the examination of witnesses, facts come out which, had they been alleged, would furnish ground of relief or defence, such facts must be disregarded, unless they are warranted by the allegations of the pleadings.

An answer by way of denial raises an issue only on the *facts* alleged in the complaint.

A denial of the sale of a horse raises an issue only on the sale in *point of fact*, and not on the *legality* of such sale.

The facts tending to establish the defence that the sale was made on the Sabbath is *new matter* by way of defence, and must be affirmatively pleaded.

Points and authorities for Appellant.

I. The justice, and not the court above, is to approve of the sureties (on an appeal bond). The statute does not require that the surety should justify. *Sec.* 136, *subd.* 2, *p.* 517, *sec.* 125, *p.* 575, *Comp. Sts.;* 1 *Cowen*, 576.

II. The offer to prove by the witness Burns that the Plaintiff had, since the commencement of this suit, been offered $100 for a horse which he swore was worth but $25, by a responsible party,

and refused it, was clearly proper; and the subsequent proof by one witness of a cash offer of that kind, and by another that the offer was not a cash offer, but an offer to take the mare at $100 in a horse trade does not cure the objection, as in this conflict of testimony that of the witness Burns would have proved a cash offer; while as the case stands his own testimony leaves it in doubt.

III.  There is no evidence that the mare was balky at the time of the sale.  The Plaintiff's evidence goes to a point of time subsequent to the sale, and in the face of Defendant's evidence of the condition of the mare at and previous to the sale fails to support the verdict.

IV.  The contract sued upon is void because consummated on Sunday.  The payment of the money, which is the consideration for the warranty, was on Sunday.  The delivery, without which no property would have passed to the Plaintiff, and therefore no action for deceit or warranty could have been maintained, was also on Sunday.  18 *Vt.* 379; 17 *Mass.*, 258.

V.  The executory contract of Saturday was void, because it was an agreement on the part of the Defendant to deliver the horse on Sunday, and on the part of the Plaintiff to receive and pay for him on Sunday.  *Secs.* 19, 20, *p.* 730, *Comp. Sts.;* 1 *Hill*, 76; 2 *Conn.*, 73; 19 *Barb.*, 581; 24 *N. Y.*, 353; 8 *Minn.*, 10; *Id.*, 40.

VI.  An action for deceit or breach of warranty founded upon the sale cannot be maintained.  If the Plaintiff's illegal act enters into the transaction the whole must fail.  14 *Wend.*, 248; 12 *Met.*, 24; 10 *Id.*, 363; 4 *Cush.*, 322; 13 *Met.*, 284; 15 *N. H.*, 577.

VII.  The only case in this country which holds that an illegal contract of this character can be made good by a retention of the subject matter of the contract, is *Adams vs. Gray*, 17 *Vt.*, 358, and is at variance with the analogies of the law and the general current of authorities.  2 *Parsons on Con.*, 253–262; 3 *M. & W.* 240.

VIII.  The objection was properly raised by the motion, and the

denial of the motion for judgment is error.   Upon the Plaintiff's own showing the contract was consummated on Sunday, and there was no question of fact to submit to the jury.   10 *Barb.*, 663; 13 *Id.*, 10; 21 *Wend.*, 537.

IX. We do not admit a *valid* sale.   We take issue upon the contract sued upon, and as the Plaintiff cannot make out his claim without showing an illegal act, his own evidence fails to support his action.   4 *Cush.*, 326.

Points and authorities for Respondent.

I. The Defendant cannot show prejudice from the ruling of the court below in reference to the additional security, because—

1. The whole question was within the discretion of the court, and the additional surety was rightly required.   *Comp. Sts., p.* 518, *sec.* 145.

2. There was really no ruling.   The Defendant waived the making of the affidavit required by the court, and all exception to the ruling, and voluntarily furnished the additional surety, without waiting for the state of facts to arise on which the court had expressed an intention to rule.   *Zimmerman vs. Lamb, et al,* 7 *Minn.*, 421.

3. Even if there were a ruling, and that erroneous, such ruling could in no way affect the merits of the case, the verdict of the jury, or the rights of the Defendant, or be ground for a new trial.   *Woodbury vs. Larned,* 5 *Minn.*, 339.

II. Nor was Defendant prejudiced by the ruling of the court excluding the testimony of the witness Burns in reference to the offer of $100 for the horse to Finley, because—

1. The evidence excluded was not competent legal evidence, and could in no way affect the question of the value of the horse.

2. The offer was fully testified to by other witnesses, and was fully stated to the jury by the party who made the offer.   This would cure any error, admitting there were such.   1 *Minn.*, 134; 7 *Id.*, 184.

III. The third point made by Appellant is not well taken, because the whole evidence in relation to the disposition and

Finley v. Quirk.

soundness of the mare was properly submitted to the jury, and they were left to conclude from such testimony whether the mare was as represented at the time of the sale. 6 *Minn.*, 160; 7 *Id.*, 511; 8 *Id.*, 286, 299; 7 *Wend.*, 270.

IV. The 4th, 5th and 6th points made by Appellant are not well taken. 12 *Met.*, 24; 10 *Mass.*, 311; 8 *Minn.*, 41; *Van Santv. Pld.*, 474, 477; 1 *Duer*, 253; 18 *Ala.*, 280, (2 *Parson's*, 2622, *note*); 12 *Met.*, 24; 19 *Vt. Rep.*, 358; 12 *Parson's Cont.*, 262, *note*.

V. But waiving all other points the evidence shows that the contract was fully executed on Saturday; that the fraudulent representations were made and the warranty given on that day; that part of the purchase money was paid, and nothing necessary to constitute a legal contract left to be done. Quirk could not have refused after this to deliver the horse, nor Finley to pay the balance of the price agreed on. *Chitty on Con.*, (5th Am. Ed.,) 374, 375; 1 *Cowen's Tr.*, 60.

Cole & Case, Counsel for Appellant.

Batchelder & Buckham, Counsel for Respondent.

*By the Court*—Wilson, J.—Action for breach of warranty of a horse.

The suit was originally commenced in justice's court, and after judgment removed by appeal into the District Court of Rice County.

In the complaint the Plaintiff "charged that the Defendant in sale of a horse to him warranted the horse to be sound, perfect in every respect, and true, gentle, and willing to work—all which representations he knew to be false."

Defendant in his answer "denied the warranty and all knowledge of any defects, and alleged that at the time of sale the horse was sound, gentle, and willing to work."

26—vol. ix.

Verdict was rendered in the district court for the Plaintiff, and the Defendant thereupon moved the court for a new trial.

The motion was denied, and the Defendant appealed to this court.

The grounds for a new trial urged in this court are—(1) Error in law occurring at the trial and excepted to; (2) That the evidence was not sufficient to justify the verdict.

These objections we will examine in the inverse order of their statement.

It appeared from the evidence given on part of the Plaintiff in the Court below, that upon a trial of the horse three or four days after the purchase he proved to be "balky."

Defendant's counsel insist that this is not evidence that he was "balky" *at the time of sale.* This objection is untenable. The "trial" was not at a time so remote as to justify the belief that a change had taken place in the disposition of the horse between the time of purchase and the time of trial.

The following are the alleged errors of law occurring at the trial and excepted to.

1. "Upon appeal to the District Court the Plaintiff moved that the surety on Defendant's appeal bond be required to justify or that he be reqired to furnish another surety." The court ruled that if the Plaintiff would make affidavit that the surety was insufficient he would require him to justify or the Defendant must procure another. To this ruling the Defendant excepted, and furnished another surety, the surety on the bond not being in attendance.

The "case," from which we have above quoted, does not show any ground for this "exception." It does not show that any order, or, in fact, that any *operative* ruling was made by the court in the premises, and therefore it is unncessary for us to inquire whether the ruling of the court below on this point was correct.

2. On the trial "the Defendant offered to prove that since the commencement of this suit the Plaintiff has been offered one hundred dollars for the horse by a good and responsible party and refused it. Objected to by Plaintiff. Objection sustained and exception taken by Defendant."

This evidence was offered for the purpose of showing the value of the horse. What a "good and responsible party" offered, is not evidence of that fact. But even if this evidence was erroneously excluded, the error was corrected by the subsequent admission of evidence of the same fact by other witnesses.

Two witnesses were afterward called by the Defendant, and testified to the same point, without objection by Plaintiff.

3. In the examination of the Plaintiff's witnesses it appeared that on Saturday the parties met, and the Plaintiff agreed to purchase and the Defendant to sell the horse at a price agreed upon. The Plaintiff then paid $5 to "bind the bargain," agreeing to pay the balance of the purchase money on the next day, when the horse was to be delivered. The horse was delivered, and the purchase money paid on the next day (the Sabbath), in pursuance of the contract.

When the Plaintiff closed his evidence and rested his case the Defendant moved the court for judgment on the ground that the evidence showed that the bargain was consummated on Sunday. The motion was denied, and Defendant excepted. This is the principal point in the case. We think the only one relied upon by Defendant's counsel.

The sale of a horse consummated on the Sabbath is void, and an action on the warranty in such sale will not lie. *Comp. Sts., p. 730, sec. 19; Smith vs. Wilcox, 24 N. Y., 353; Northrop vs. Foot, 14 Wend., 248; Brimhall vs. Van Campen, 8 Minn., 13; Finney vs. Callender, Id., 41.*

It is claimed by the counsel for the Plaintiff that this point was not in issue, and therefore that the evidence touching it was irrelevant.

It is doubtless true that evidence must correspond with the allegations, and *be confined to the point in issue,* and if in the examination of witnesses facts come out which had they been alleged would furnish ground of relief or defence, such facts must be disregarded unless they are warranted by the allegations of the pleadings. *Stuart vs. Merch. and Farm. Bk., 19 John., 505; Field vs. Mayor of N. Y., 2 Seld., 179.*

The Defendant insists that the answer does not admit a *valid* contract.

We will for the present take this for granted, and examine the case in that point of view.

The case therefore turns on the question whether it was necessary to specifically aver in the answer the facts establishing this defence.

We think this must be answered in the affirmative, whether it is viewed as a question of principle or by the light of authority.

Our statute provides that "the complaint must contain a statement of the *facts* constituting the cause of action in ordinary and concise language," &c.

That the answer must contain (1) a denial of each *allegation of the complaint controverted*, and (2) a statement of any *new matter constituting a defence*," &c. That " an issue of fact arises upon a *material allegation* of the complaint controverted by the answer," &c.

It will be observed that the Plaintiff can only allege *facts*, and that in the answer the Defendant *must* either deny *the facts alleged* in the complaint, or allege new matter by way of defence or avoidance. And when the answer consists merely of a denial, it is quite clear that the Plaintiff will only be required to prove, and the Defendant only permitted to controvert the facts *alleged* in the complaint. *Allen vs. Patterson*, 3 *Seld.*, 478 ; *Mulry vs. Mohawk Valley Ins. Co.*, 5 *Gray*, 544.

In the language of Mr. Justice Selden, in case of *Benedict vs. Seymour*, 6 *How. Pr. R.*, 298, " a general traverse under the Code authorized the introduction of no evidence on the part of the Defendant except *such as tends directly to disprove some fact alleged in the complaint.*"

If the question of the *legality* of the sale can be raised by a *denial* of any allegation of the complaint, it must be by a denial of the *sale*, for the *day* or time of the sale is not a *material* or *traversable* fact. 1 *Chitty's Pl.*, 613–14, 621; 1 *Barb. Ch. Pr.*, 136; 2 *Saunders*, 219; *Stephen on Pl.*, 244–45; *Newman vs. Otto*, 4 *Sandf.*, 668.

We have above seen that an issue of fact arises only upon a material *allegation* of the complaint controverted by the answer, and in this case the legality of the sale is not alleged, and of course is not and could not be denied or controverted. Nor is such an allegation necessary, for it is a well established rule of pleading that it is not necessary to allege what the law will presume, and everything is presumed to have been legally done until the contrary is proved. 1 *Chitty's Pl.*, 221; *Maynard vs. Tolcott*, 11 *Barb.*, 565; *Stephen on Pl.*, 353–54; 1 *Van Santv. Pl.*, 330.

But even if it was admitted that the Defendant might by a mere denial raise an issue on a fact not specifically alleged, yet the *legality* of the sale is not a traversable fact but a conclusion or inference of law. 1 *Chitty's Pl.*, 213–14, 540; *Ensign vs. Sherman*, 13 *How. Pr.*, 35; *Mann vs. Morewood*, 5 *Sandf.*, 564; *Lienan vs. Lincoln*, 2 *Duer*, 670; *Laurence vs. Wright, Id.*, 673; *Moss vs. Riddle*, 5 *Cranch*, 351; *Mayor vs. the State*, 8 *Blackf.*, 72.

And a traverse or denial can only be of matter of fact and not of conclusion of law. 1 *Chitty's Pl.*, 612; *Steph. Pl.*, 191; 1 *Barb. Ch. Pr.*, 133; *Comp. Sts.*, 541, *Moss vs. Riddle, and Mayor vs. the State, above.*

The *true object* of pleading is and always has been to apprise the adverse party of the *ground* of action or defence, in order that he may be prepared to contest it, and may not be taken by surprise. 1 *Chitty's Pl.*, 478, 213; *Mann vs. Morewood*, 5 *Sandf. S. C. R.*, 564; *Story's Eq. Pl.*, secs. 255–57, 852; 1 *Barb. Ch. Pr.*, 137.

The rules of pleading will generally be found to be ancilliary to or the logical sequence of this cardinal principle or rule.

*Facts* only are to be stated in pleadings, and not *arguments, inferences,* or matters of *law;* (1 *Chitty's Pl.*, 214; *Story's Eq. Pl.*, 852; *Lienan vs. Lincoln*, 2 *Duer*, 670; *Lawrence vs. Wright, Id.*, 673; because the statement of *facts* is necessary to apprise the adverse party of the *ground* of action or defence.

Mr. Justice Buller well says that it is " one of the first principles of pleading that there is only occasion to state *facts*, which must be done for the purpose of informing the court whose duty it is to

declare the *law* arising upon those facts, and of apprising the opposite party of what is meant to be proved in order to give him an opportunity to answer or traverse it." *Doug.*, 159; 1 *Chitty's Pl.*, 213.

With the same object in view our legislature provides that every ground of action or defence should be stated "in ordinary and concise language, and in such a manner as to enable a person of common understanding to know what is intended."

The answer in this case gives no intimation of the *nature* of the defence relied upon, or that any defence is to be interposed except by disproof of the facts alleged in the complaint. Such a defence is not admissible under an answer merely by way of denial. ·

It is not in principle distinguishable from any other which admits a contract in point of fact, that is alleged to be void in point of law—as, for instance, usury, gaming, stock jobbing, coverture, fraud, &c.

The facts tending to establish any such defence are, in their nature, "new matter constituting a defence," or, to use an expression more common in the law, and having the same meaning, "matter in confession and avoidance." *Catlin vs. Gunter,* 2 *Duer,* 266; *Tidd's Prac.*, 643, 685; *Fay vs. Gumsteed,* 10 *Barb.*, 321; *Gould vs. Homer,* 12 *Barb.*, 602; *Watson vs. Bailey,* 2 *Duer,* 509.

The *principles* of pleading in courts of law and equity, and the express provisions of our statute require that such matter should be specifically averred in the answer. *See cases last above cited. Gouverneur vs. Elmendorf,* 5 *John. Ch.*, 79; *Stuart vs. Merch. & Farm. Bk.*, 19 *John.*, 496; *Richards vs. Worthley,* 5 *Wis.*, 73; *Steph. on Pl.*, 213; *Mulry vs. Mohawk Valley, Ins. Co.*, 5 *Gray,* 541; *Bradford vs. Tinkham,* 6 *Gray,* 494; 1 *Chitty's Pl.*, 526; *Ib.*, 213.

Thus *only* can the answer apprise the Plaintiff of the *ground* of defence, which we have seen is the true object of pleading. This general rule, and the necessity for its observance, are well illustrated and impressed by the case before us. It is true that at common law, in *assumpsit* on the general issue, matters of defence of this character may be given in evidence.

Finley v. Quirk.

But these rulings are not applicable as precedents in this case; because (1,) the general issue cannot be pleaded under our statute; (2,) the rules of pleading under the general issue at common law have always been admitted to be at variance with the *principles* and *logic* of that system of pleading. (*Steph. on Pl.*, 158; 1 *Chitty's Pl.*, 526, 473, 478-9, 213;) and (3,) by the rules of *Hil. T.*, 4 *W.* 4, in England " *this abuse has been corrected*," and matters of defence of this character must now be *specially* pleaded. See said Rules. (4.) At common law (irrespective of the rules of H. T.,) where there is a contract in point of fact, as in this case, the Defendant has the option either to plead the general issue, or to plead specially any matter showing it void or voidable in point of law, (*Tidd's Prac.*, 643; 1 *Chitty's Pl.*, 526; *Ib.* 213-14,) which is a recognition of the principle, by us held in this case, that such special matter is not by way of denial, but by way of avoidance of the matters alleged in the complaint. For that which is only a traverse or denial of the allegations of the complaint can never be *specially* pleaded at common law. *Steph. Pl.*, 202-3; *Bank of Auburn vs. Weed*, 19 *John.*, 300; 1 *Chitty's Pl.*, 527; *Tidd's Prac.*, 653-4.

We hold, therefore, (1,) that an answer, merely by way of denial, raises an issue only on the *facts* alleged in the complaint; (2,) that the denial of the sale of the horse in this case only raised an issue on the sale in *point of fact,* and not on the question of the *legality* of such sale; (3,) that all matters in confession and avoidance, showing the contract sued upon to be either void or voidable in point of law, must be affirmatively pleaded.

We have thus far treated the case as if the answer denied each allegation of the complaint. This, we think, cannot be admitted.

The only facts controverted are (1,) *the warranty*; (2,) *the breach of warranty.*

These facts, only, the Plaintiff was required to prove. A sale of the horse was admitted, and, whether that sale was void or valid, was not a question in the case.

The decision of the Court below was, therefore, correct in any point of view.

Judgment affirmed.