CHANCY W. GRIGGS and HENRY P. UPHAM, Respondents, vs. CITY
[OF ST. PAUL, Appellant.

APPEAL FROM THE DISTRICT COURT OF RAMSEY COUNTY.

Every *fact* which the Plaintiff must prove to enable him to maintain his action,
or which the Defendant has a right to controvert, must be distinctly averred.
A conclusion of law not justified by the facts stated is irrelevant and nugatory.

A general demurrer only admits the *traversable facts*, not inferences or conclu-
sions of law.

Points and authorities for Appellant.

I. The alleged defect in not filing the estimate required by the
charter of the city in such cases is cured by reason of there having
been no objection made by the property owners by appeal or
otherwise.   See secs. 6, 4, 10, 11, *ch.* 8, *City Charter ; Act of
March* 3, 1854, *Laws of* 1854, *pp.* 30–32.

*By the Act of February* 27, 1856, *sec.* 15, *Laws of* 1856, *p.* 35,
this notice or direction to property owners to do the work was
dispensed with as to street grades, &c., but left in force as to
sidewalks, which distinguishes the present case from the adjudi-
cated cases in this court.

II. The Defendant shows no breach of the contract, for the
certificates were a compliance with the contract, and the alleged
defect transpired before the contract was entered into.

III. The Plaintiffs show no special damage, inasmuch as they
do not state the amount of work done under the contract, or show
any demand on the property owners for payment, or the value of
the work done by them, or the value of street certificates to the
city, or that they objected to them after knowledge of the alleged
defect.

Points and authorities for Respondent.

The facts stated in the complaint show that the contract is
binding on the Defendant. 3 *Minn.,* 297; 8 *Minn.,* 179.   The

obligation of Defendant was to pay part in money, and part in certificates on the property. The money was paid, but payment for those parts fronting on lots was never made—that is, if the filing an estimate before letting the work is necessary to bind the lots when notice to do the work is given according to the charter. 2 *Minn.*, 307; 5 *Minn.*, 95; *sec.* 10, *ch.* 7, *Charter of* 1857; also *sec.* 4, *ch.* 7.

Plaintiffs say they have been damaged in $1200 by the worthlessness (?) of certificates, and they can *prove it*. We have not pleaded all the *evidence* of damage, but the *cause* and *amount.* ·

S. M. FLINT and H. J. HORN, Counsel for Appellant.

BRISBIN & WARNER, Counsel for Respondents.

*By the Court*—WILSON, J.—To the complaint in this case the Defendant interposed a general demurrer. It becomes necessary for us therefore to inquire whether the facts alleged in the complaint show that the Plaintiff has a cause of action. The gist ·of the action is the invalidity and worthlessness of certain " certificates" delivered to the Plaintiffs in payment for work and labor by them performed.

The allegations of the complaint on this point are " that by reason of gross negligence of said commissioners, and of all the Defendant's agents in that behalf, in causing to be made an estimate of the whole expense of such work, and of the proportion to be assessed and charged to each lot, and of the number of cubic yards to be filled in and excavated in front of each lot, and in not causing such estimate to be filed with the then City Comptroller of said city, for the inspection of the parties interested, each and all of the said certificates at the time of said tender and delivery were utterly worthless, and no lien upon nor collectable out of the lots therein described in any manner," &c.

There is here hardly a single *traversable fact* alleged.

The statement that said certificates are worthless, and no lien

upon nor collectable out of said lots is a conclusion of law, and therefore not admitted by the demurrer.

"The gross negligence of the Defendant's agents" does not necessarily render the Defendant liable to an action.

The acts of either omission or commission injurious to the Plaintiffs (if there were any such) by which such negligence was manifested, should have been specifically averred in the complaint. They were part of the facts constituting the Plaintiffs' cause of action, and therefore it was incumbent on them to *allege* and *prove* them.

The *inference* we think to be drawn from the language of the complaint above quoted is that the "estimate" was made, but in a negligent manner, and that it was filed, but not with the "then" City Comptroller.

The point of time intended to be fixed by the pleader by the use of the language "the then City Comptroller," is not apparent, and as the object of this suit is to show the "*certificates*" to be void, not merely *less* valuable on account of the negligence of Defendant's agents, the time of filing the "estimate" may be a *material fact*, and it therefore should have been alleged. See *Nash vs. City of St. Paul*, 8 *Minn.*, 179; *Id.*, 184–5.

But we do not wish to here intimate any opinion on the question of the validity of these "*certificates*." Such question is not properly before us. It is not required of either the Defendant or the court to spell out from inferential statements or recitals the meaning of the complaint.

*Every fact* which the Plaintiff must prove to enable him to maintain his action, and which the Defendant has a right to controvert in his answer, must be *distinctly averred*, and a conclusion of law not justified by the facts stated is irrelevant and nugatory. *Hall vs. Bartlett*, 9 *Barb.*, 301; *Allen vs. Patterson*, 3 *Seld.*, 478; *Boyce vs. Brown*, 7 *Barb.*, 85; *Garvey vs. Fowler*, 4 *Sandf.*, 665; *Smith vs. Leland*, 2 *Duer*, 508–9; *Jones vs. Phœnix Bk.*, 4 *Seld.*, 238; *Lienan vs. Lincoln*, 2 *Duer*, 672; *Laurence vs. Wright*, *Id.*, 674–5; *Mann vs. Morewood*, 5 *Sandf.*, 564; *City of Buffalo vs. Holloway*, 3 *Seld.*, 498; *Schenk vs. Naylor*, 2 *Duer*, 678.

The law on this subject is very clearly laid down by Mr. Justice Duer, in case of *Mann vs. Morewood,* in the following language:

"The language of this court, and I believe of all its Judges, from the time the Code has been in operation, has been uniform, that a complaint must set forth all the material and issuable facts which are relied on as establishing the Plaintiffs' right of action, and not the inferences from those facts which under the advice of his counsel he may deem to be the conclusion of law. To draw proper conclusions from the facts which are relied on as constituting a cause of action, or a valid defence, is the exclusive province and duty of the court, and to enable the court to discharge that duty the facts themselves, not the conclusions that are supposed to flow from them, must be stated in the pleading."

The demurrer only admits the *traversable facts,* not inferences or conclusions of law. *Moss vs. Riddle,* 5 *Cranch,* 351; *Hall vs. Bartlett,* 9 *Barb.,* 301; *Ford vs. Peering,* 1 *Ves. Jr.,* (*Sumner's ed.*) 77, *and cases cited in Note; City of Buffalo vs. Holloway,* 3 *Seld.,* 493.

The demurrer we think was well taken, and the order of the court below overruling it is reversed.