Lee v. Emery et al.

----

### V. R. LEE vs. A. S. EMERY et al.

In an action for damages resulting from the upsetting of the plaintiff's carriage, if the complaint fails to charge, either directly or by implication, that the defendant was the cause of the upset, judgment will be arrested after verdict, on motion.

This was an action commenced before a justice of the peace in Wabashaw County. Judgment was rendered in favor of the plaintiff; defendants appealed to the District Court of Wabashaw County; upon the trial in said District Court the jury empannelled

to try the same returned a verdict for the plaintiff, and thereupon the defendants moved the Court in arrest of judgment and for a new trial, on account of the insufficiency of the complaint to support the verdict; which motion was denied, and judgment entered for the plaintiff. The defendants appeal to this Court.

The portions of the complaint material to the points decided are set forth in the opinion of the Court.

SMITH & GILMAN for Appellants.

I.—The complaint does not state facts sufficient to constitute a cause of action, and therefore it was error to deny defendants' motion in arrest of judgment.

II.—The complaint being defective, the verdict does not cure it, and the judgment based thereupon cannot be sustained.

III.—The complaint upon its face shows that there was a "safe and feasible" way to avoid the collision and accident, by driving down Centre street; and shows that after leaving the street upon which said Emery was driving his vehicle, and while passing over said "safe and feasible" route his carriage was overset, which is the statement of an injury received by the accidental overturning of plaintiff's carriage, without any averment that defendant by himself or servant caused the same.

IV.—It is not averred that said George Emery was at the time of said accident the servant of said A. S. Emery. The allegation that he mostly drove said team is not sufficient. Yet judgment is erroneously given against both of said defendants.

V.—The damages are too remote.

VI.—Gross negligence is not averred, nor any wrongful or forcible act alleged. The plaintiff must himself be free from fault. 1 *Am. Leading Cases*, 619, *note*.

W. W. PHELPS for Respondent.

I.—The complaint contains every necessary averment to constitute a cause of action against the defendants. If not done so

artistically as to make a perfect pleading in phraseology, it never-theless contains in substance every necessary or material allegation.

This is a complaint in justice court and will be liberally construed with a view to substantial justice; and the Court will disregard any error which does not affect the substantial rights of the parties. *C. S. P.*, 542 (79); *Id.*, 544 (96); *also Rules of Pleading in Justice Court.*

II.—The case having been tried without any objection either to the complaint or to any evidence introduced under it, and that evidence having resulted in a verdict which was in conformity thereto, and no motion to arrest the judgment upon the verdict, as against evidence having been made, the same must now stand, and will not be interfered with by the Supreme Court. *C. S.*, 543, *sec.* 90; *Id.*, 544, *secs.* 91, 96.

The damages (as found by the jury) are the immediate result of the acts of the defendants, and the Court will not enquire how the jury arrived at the amount.

III.—The only legitimate and fair construction that can be put upon that part of the complaint in regard to "safe and feasible way," is that the way down Centre street was the only alternative left the said servant of Lee, and the only way left in which there was any degree of safety. Not that "the way" was perfectly and in fact safe, but that it was the safest way under the circumstances. The complaint shows that the plaintiff's servant attempted to pursue the said way, which was his only alternative; that he exercised all the care and skill possible under the circumstances. The complaint does not show that there was a "safe and feasible way" to avoid the collision and accident.

IV.—The complaint connects the cause with the effect—shows the damages to be the effect of the carelessness and negligence, or the effect of the accident, and that the accident was caused by the carelessness and negligence of defendants.

V.—Master and servant are jointly liable for fault or negligence of servant, and carelessness and negligence are, with attendant circumstances, all that are charged in this action. *See C. S., p.*

Lee v. Emery et al.

347, sec. 5; *Hilliard on Torts*, 430, sec. 2; *Id.*, 432, sec. 3; 1 *Vol. C. T.*, 3d *Ed.*, *p.* 348; *Id.*, 614, sec. 3; 2 *Stark. Ev.*, 297; 6 *Cow. R.*, 189; 19 *Wend.*, 343; 11 *John.*, 285; *E. D. Smith's Rep.*, 591; 4 *Abb. N. Y. Dig.*, 272, sec. 553.

*By the Court*—BERRY, J.—Our statute (*Pub. Stat.*, 540, *Sec.* 69,) after providing that the defendant may object to the complaint for certain enumerated reasons, goes on to say that "if no objection be taken either by demurrer or answer the defendant must be deemed to have waived the same, excepting * * * the objection *that the complaint does not state facts sufficient to constitute a cause of action.*" This exception would seem to have been made in harmony with the common law rule touching motions in arrest of judgment; (*Raynor vs. Clark*, 7 *Barb. S. C.*, 583;) for one of the grounds for arrest of judgment laid down by Blackstone is, "if the case laid in the declaration is not sufficient in point of law to found an action upon." 3 *Bl. Com.*, 393. The same author says that, "many inaccuracies and omissions which would be fatal if early observed are cured by a subsequent verdict, and not suffered in the last stage of a cause to unravel the whole proceedings. But if the thing omitted be essential to the action or defence, as if the plaintiff does not merely state his title in a defective manner, but sets forth a title that is totally defective in itself, &c., * * * this cannot be cured by a verdict," &c. *Id.*, 394, 395. "If the declaration omits to allege any substantial fact which is essential to a right of action, and which is not implied in or inferable from the finding of those which are alleged, a verdict for the plaintiff does not cure the defect." *Gould's Pleading*, 503; *see also the opinion of Justice Bronson in Mann vs. Eckford, Ex'rs*, 15 *Wend.*, 509, *and the opinion of Senator Tracy in Addington vs. Allen*, 11 *Wend.*, 416. In the case last cited on *page* 387, it appears that by 2 *R. S.*, 424, (under which the New York cases cited were decided,) it is provided "that the judgment upon a verdict shall not be stayed nor shall the same be reversed for the omission of any allegation or averment of any matter, without proving which the jury ought not to have given

Lee v. Emery et al.

such a verdict," and notwithstanding the liberality of this provision, the Chancellor says: "This embraces the same class of defects which are cured by a verdict at common law, the principle of which was equally broad in this respect." * * * "But it is the duty of the jury to give a verdict for the plaintiff if he proves anything alleged or which may be implied from the declaration, and therefore if the plaintiff totally omits to state a good title or cause of action even by implication, matters which are neither stated nor implied need not be proved at the trial, and there is no room for intendment or presumption, as the intendment must arise from the verdict when considered in connection with the issue upon which that verdict was given." *See also Story on Pleading*, 72, "*G*," *Van Sand. Pl.*, *Ch.* 9, *Sec.* 3. These authorities furnish the principles upon which this case should be decided.

The complaint is in many respects quite inartificial. The precedent found in 2 *Ch. Pl.*, 710, will suggest many improvements. We do not deem it necessary to consider in detail all the grounds urged by the appellant. It is very possible that several of them would be good upon demurrer, but as Blackstone says, 3 *Com.*, 394, "it is not true that everything that may be alleged as cause of demurrer will be good in arrest of judgment." To our mind the most formidable objection to the complaint is in the language of the appellants' point, that the complaint "shows that after leaving the street upon which said Emery was driving his vehicle, and whilst passing over said safe and feasible route, his carriage (that is the plaintiff's,) was overset, which is the statement of an injury received by the accidental overturning of plaintiff's carriage, without any averment that defendant by himself or servant caused the same."

The allegations of the complaint on this point are that "the said defendant, George Emery, driving the carriage of said defendant, A. S. Emery, as aforesaid, did carelessly and negligently drive across the street directly in front of the carriage of this plaintiff, at the same time snapping and shaking his reins, &c., &c., whereby it caused a collision, and to avoid the necessity of running into W. Stringham & Co.'s place of business, it became absolutely

necessary for the plaintiff's said servant to turn suddenly to the right and drive down Centre street, &c., &c., and that while thus turning and driving as aforesaid with all the care and skill possible under the circumstances, the plaintiff's carriage was upset," &c., with a statement of injuries resulting from the upset. Now, all the damages for which the plaintiff seeks compensation, he claims to have resulted from the upset, and so it is of course necessary for him to allege and show that the defendant, George Emery, was the cause of the upset. This is the very gist of the action, and without an allegation to this effect, the complaint does not state facts sufficient to constitute a cause of action. There is no statement to this effect in the complaint, nor anything from which it is inferable or to be implied. The statement in the *ad damnum* "that in consequence of said negligent and careless act of the defendant, George Emery, the plaintiff sustained great damage," giving the plaintiff's estimate of damages in money, being a mere conclusion of law unsupported by a previous averment of facts, cannot mend the matter. *See Griggs et al., vs. City of St. Paul, 9 Minn., 248, and numerous cases cited.*

The judgment of the District Court is reversed, together with the order denying the motion for an arrest of judgment, and the action remanded for further proceedings.