PATRICK NASH

*v.*

THE CITY OF ST. PAUL.

The Street Commissioners of St. Paul have power to let contracts for the grading of streets, only after due notice has been given of the time and place of letting such contract, and the contract let must be the same that was advertised.

This is an action founded upon an alleged contract between the plaintiff and the Street Commissioners of the Second Ward of the City of St. Paul, for the grading of Bench street. The complaint alleges that such Street Commissioners, "having prior to the 5th day of August, 1857, determined to grade Bench street in said ward, between Jackson and Wabashaw streets, advertised for bids for doing the same, in pursuance whereof the plaintiff made the lowest bid for doing said job, and said Street Commissioners having awarded the contract therefor to the plaintiff as the lowest bidder upon said bid made by him for doing said job, the said Street Commissioners entered into a written contract under seal with the plaintiff for the said grading of Bench street." * * * The contract as set out in the complaint, is dated August 5, 1857, and by its terms the whole work was to be done by the plaintiff by the 1st day of June, 1858, according to the established grade of said street on file, &c. The price and mode of payment for the work are particularly specified in the contract. The plaintiff alleges that he was prevented by defendant from completing the work pursuant to the contract, and claims damages.

The answer of the defendant, among other defenses, sets up, "that the said Street Commissioners, some time prior to the 13th day of July, 1857, determined and ordered the grading of said Bench street in manner following, and not otherwise, to-wit: From the levee to Wabashaw street, to.be let under two *separate contracts*; that part of the work between Jackson and Robert streets to be completed by the 1*st of October, then next*, * * * and that part between Robert and Wabashaw streets to be completed by the 1*st of May*, *then next.* . * * * That in pursuance thereof, the said Street Commissioners gave notice of the time and place of letting said work, by publishing such notice in the official newspaper of said city, as follows, to-wit : 'To contractors : Sealed proposals will be received by the Street Commissioners of the Second Ward at their office, until noon, Wednesday, the 22d day of July, for the following work, viz ⸱ To grade Bench street from the levee to Wabashaw street; the work will be let under *two separate contracts* ; that part of the work between Jackson and Robert streets to be completed by the 1*st of October next ;* * * * the part between Robert and Wabashaw streets to be done by the 1*st day of May* *next.* * * * A. L. Larpenteur, N. W. Kittson, W. B. McGrorty, Street Commissioners Second Ward.' * * * The publication of which said notice was commenced on or about the 13th day of July, 1857. That no other or different notice of the letting of the work aforesaid was ever given, and that no other proceedings were had by said Street Commissioners than as before stated, relating to said proposed improvement, prior to the making of the pretended contract set forth in the said complaint. "

The reply does not deny these allegations of the answer. The action was brought on for trial at the Ramsey County District Court, and the defendant moved for judgment upon the pleadings, upon the ground that it appeared thereby that the alleged contract had not been let in the manner prescribed

by the charter, and was therefore void. The motion was granted, and judgment entered in favor of the defendant, and the plaintiff appeals to this court.

SMITH & GILMAN, for appellant.

H. J. HORN and I. V. D. HEARD, for respondent.

*By the Court*—WILSON, CH. J.—The plaintiff in his complaint, alleges that the defendant is a municipal corporation, and "that on and before the 13th day of July, 1857, and until April 1st, 1858, A. L. Larpenteur, Norman W. Kittson and William B. McGrorty, were the duly elected and qualified, and acting Street Commissioners of the Second Ward of the said city of Saint Paul, under and by virtue of the said charter and the amendatory acts thereof then in force. That the said Larpenteur, Kittson and McGrorty, acting in their official capacity as such Street Commissioners, and by the authority vested in them as such Street Commissioners by said charter, and the acts amendatory thereof, then in force, having prior to the 5th day of August, 1857, determined to grade Bench street in said ward between Jackson and Wabashaw streets, advertised for bids for doing the same. In pursuance whereof the plaintiff made the lowest bid for doing said job, and said Street Commissioners having awarded the contract therefor to the plaintiff as the lowest bidder upon said bid made by him for doing said job, the said Street Commissioners entered into a written contract under seal, with the said plaintiff for the said grading of Bench street as follows, to-wit, pursuant to said bid." The plaintiff then sets out the contract and alleges performance on his part, and a failure on part of the defendant to pay the sum due thereon, and demands judgment. The defendant, among other defenses, alleges in the answer, "that the said Street Commissioners some time prior to the 13th day of July, 1857, determined and ordered the grading of Bench

street in manner following, and not otherwise, to-wit: From the levee to Wabashaw street, to be let under two separate contracts; that part of the work between Jackson and Robert streets to be completed by the 1st of October then next, and street certificates to be issued to the contractor for such part upon the completion of the same; and that part between Robert and Wabashaw streets, to be completed by the 1st of May then next, and certificates as aforesaid issued to the contractor of that part last aforesaid upon the completion of such part. That in pursuance thereof the said Street Commissioners gave notice of the time and place of letting said work by publishing such notice in the official newspaper of said city, as follows, to-wit: 'To contractors:—Sealed proposals will be received by the Street Commissioners of the Second Ward, at their office, until noon, Wednesday, the 22d day of July, for the following work, viz: To grade Bench street from the levee to Wabashaw; the work will be let under two separate contracts; that part of the work between Jackson and Robert streets, to be completed by the 1st of October next, and certificates will be issued in favor of the contractors, when that part is completed; that part between Robert and Wabashaw streets, to be done by the 1st day of May next, and paid as above. Proposals will state the price per cubic yard for earth excavation, also the price per cubic yard for excavating ledge rock, piling the rock, and the price, the contractor having the rock; the work to be done according to the established grade of said Bench street, and under the direction of the Street Commissioners of the Second Ward, who will reserve the right to reject all unreasonable bids. A. L. LARPENTAUR, N. W. KITTSON, W. B. McGRORTY, Street Commissioners Second Ward.

" 'The Street Commissioners' office of the Second Ward is kept at the corner of Fifth and Robert streets, up stairs, over Forbes & Kittson's dry-goods store; the Commissioners hold their regular meetings every Wednesday, at 3 o'clock, P. M.'

vol. xi.—12

The publication of which said notice was commenced on or about the 13th day of July, 1857. That no other or different notice of the letting of the work aforesaid was ever given, and that no other proceedings were had by said Street Commissioners than as before stated, relating to said proposed improvement, prior to the making of the pretended contract set forth in the said complaint." These allegations of the answer are not denied in the reply. Admitting the truth of these allegations of the answer, it seems clear that the plaintiff cannot recover. The notice required of the time and place of the letting, was a condition precedent, without the performance of which, the Street Commissioners had *no power* to let the contract, and after such notice, they had only authority to let it to the lowest bidder. *Nash v. City of St. Paul,* 8 Minn. 172, 187; *Brady v. Mayor of N. Y.,* 2 Bosworth, 173 : 20 N. Y. Reps. 312; *Bonestead v. Mayor of N. Y.,* 22 N. Y. 162.

No bids were asked for such a contract as the one made with the plaintiff, and the contract let not being the same that was advertised, the acts of the city or ward officers in making it, were void, and created no liability on the part of the defendant. But the plaintiff's counsel argues, that the allegations of the answer above set out are not "new matter," and therefore were not admitted by the failure to deny them. An answer must either deny the *facts alleged* in the complaint, or set up new matter by way of avoidance. Those matters which the defendant should affirmatively plead as a defence are "new matter" within the meaning of our statute; those that amount merely to a traverse of the allegations of the complaint are not. Was it in this case incumbent on or proper for the defendant to set out these matters in the answer? I think it may correctly be laid down as a general rule of pleading, that a defendant who admits the *facts* alleged, but wishes to avoid that effect, may and should affirmatively set up the special matters on which he relies as an avoidance. *Finley v. Quirk,* 9 Minn. 194.

In this case the answer admits a contract in *fact* with the plaintiff, but denies its legal validity, and sets up the matters which show it void. The statute provides that the contracts may be let after "due notice shall be given of the time and place of letting such contract." Had the plaintiff in this case properly alleged the giving of such notice, it would seem that the defendant could not have properly set up in his answer the facts showing that such notice had not been given. This would, in effect, have been merely pleading the evidence showing the allegation of the complaint untrue. But I think that the allegation of the complaint that the Street Commissioners advertised for bids for doing such work, is not a sufficient allegation of the fact that they gave due notice of the time and place of letting the contract; and this being the case it was proper for the defendant to affirmatively set up in the answer the fact that no such notice had been given, and thererore, that no such contract as is set up in the complaint had been *in point of law* entered into with the plaintiff; and these allegations not having been controverted, must be taken as true for the purposes of this action. My brethren do not adopt in full the views above expressed on the question of pleading, but they hold that the complaint was fatally defective in not alleging the requisite notice of the time and place of letting said contract, and that judgment was therefore properly ordered for the defendant on the pleadings. Judgment affirmed.