54  668
78  578
54  668
92  761

BOARD OF SUPERVISORS OF JEFFERSON COUNTY *v.* FRANK J. ARRIGHI.

1. COUNTY. *Contract. Ratification.*
   Contracts by county officers, in violation of the act of Feb. 13, 1871, which regulates the manner of making them, are void, and no subsequent ratification by such officers can make them binding on the county.

2. CONSTITUTIONAL LAW. *Jurisdiction of board of supervisors. Legislative power over.*
   The jurisdiction over roads, ferries and bridges, conferred on boards of supervisors by the Constitution, art. 6, § 20, art. 12, § 16, cannot be taken away; but legislation regulating its exercise is obligatory, unless it amounts practically to a deprivation of power.

3. BOARD OF SUPERVISORS. *Acts 1871, p. 101, constitutional.*
   The act of Feb. 13, 1871, to prevent the fraudulent letting of contracts by boards of supervisors, is constitutional.

4. COUNTY WARRANT. *When not conclusive. Void contract.*
   County warrants are valid judgments only when the board of supervisors had legal authority to issue them, or contract the obligation on which they were founded; and are not binding when issued in violation of law, or in fulfilment of a contract that the board was prohibited from making.

ERROR to the Circuit Court of Jefferson County.

Hon. JAMES M. SMILEY, Judge.

*T. C. Catchings,* Attorney-General, for the plaintiff in error.

1. Both the original contract with Murphy and the contract for extra work were void, because in violation of the act of Feb. 13, 1871 (Acts 1871, p. 101). The mere allowance of the claim and issuance of the warrant did not estop the plaintiff in error from making that defence. *Nash* v. *St. Paul,*

8 Minn. 181; s. c. 11 Minn. 174; *People* v. *Flagg*, 17 N. Y. 589; *Brady* v. *New York*, 20 N. Y. 312; *Hague* v. *Philadelphia*, 48 Penn. St. 528.

2. This warrant, having been issued in violation of plain statute law, may be impeached on that ground. *Supervisors* v. *Klein*, 51 Miss. 807.

3. The constitutional jurisdiction of boards of supervisors over roads, bridges and ferries is not invaded by the statute, which only prescribes the mode in which that jurisdiction shall be exercised.

*Tom. L. Mellen*, for the defendant in error.

1. The presumption is in favor of the correctness of the decision below, which will be affirmed unless the record shows error. *Lee* v. *Bennett*, 31 Miss. 119; *Cason* v. *Cason*, 31 Miss. 578; *Duncan* v. *McNeill*, 31 Miss. 704; *Phillips* v. *Lane*, 4 How. (Miss.) 122; *Terry* v. *Robins*, 5 S. & M. 291; *Phipps* v. *Morton*, 33 Miss. 211. This record discloses no error.

2. The order to issue the warrant is a judgment. *Arthur* v. *Adam*, 49 Miss. 404. The board of supervisors exercises both judicial and ministerial functions; and when the result of their judicial act is to impose on them an obligation to perform a ministerial act which they refuse to do, *mandamus* is the proper remedy to compel performance. Moses on Mandamus, 125. It is the only method of compelling the board to levy taxes. *Carroll* v. *Board of Police*, 28 Miss. 38.

3. The board cannot, in answer to a petition for *mandamus* to compel a tax to pay a warrant issued in accordance with their judgment, set up defences to the justice of the claim which might have been considered by them in rendering the judgment. *Carroll* v. *Board of Police*, 28 Miss. 38. Only in the case provided for in § 1382, Code 1871, has this rule been varied by the decisions of this court. *Supervisors* v. *Klein*, 51 Miss. 807, has no application to the case at bar, because the Code of 1871 became operative long after the issuance of this warrant. A county warrant is in the nature of an execution emanating from the judgment of a court of competent jurisdiction. *Polk* v. *Supervisors*, 52 Miss. 422. The board cannot, at a subsequent meeting, rescind the order of allowance; and *mandamus* will be awarded, although the board may have

reconsidered it. *Arthur* v. *Adam, ubi supra; Commonwealth* v. *Commissioners*, 37 Penn. St. 237; Moses on Mandamus, 18, 125.

*Nugent & McWillie*, on the same side.

1. Boards of supervisors have full jurisdiction over roads, ferries and bridges, Const. art. 6, § 20; and the legislature cannot cripple the ample exercise of this jurisdiction conferred by the organic law, Const. art. 12, § 16. The points made by the Attorney-General were not raised in the court below, doubtless because the proof, which is not in this transcript, made them inapplicable to the case as there presented. The authorities cited by him are all distinguishable from this case, which is like *Commissioners* v. *Butterworth*, 17 Ind. 129, where the bridge repairs were not made in conformity with the statute; but the account was allowed, and the county held bound for the work, because the contract was accepted and adopted by the commissioners. The statute must be construed as directory, to prevent its conflicting with the Constitution.

2. The counsel then reviewed the facts, contending that they brought the warrant within the constitutional and statutory powers of the board, and that the contract was within its constitutional jurisdiction.

3. The judgment of the board ordering the warrant is conclusive, and the *mandamus* was properly ordered. *Klein's Case* does not apply. That was an attempt to pay more than was really due, because of the depreciation in warrants; in other words, to pay two dollars for one.

CHALMERS, J., delivered the opinion of the court.

The appellee presented his petition, praying the issuance of a writ of *mandamus* to compel the levy, by the board of supervisors of Jefferson County, of a tax sufficient to pay a county warrant held by him. He gives in his petition a history of the warrant and of the consideration upon which it was based; from which it appears that it had been issued to one Patrick Murphy, in part payment of work done under a contract to repair certain bridges in the county. This contract had been entered into between Murphy, and three commission-

ers appointed by the board of supervisors for that purpose in March, 1871, which contract had been reported back to and confirmed by the board at their regular meeting in April, 1871. No bond was given by the contractor at the time of making the contract, though one was executed at or about the time of the completion of the work. After the making of the contract, and during the progress of the work, the commissioners authorized Murphy to do certain extra work not contemplated in the contract; and they recommended that the board of supervisors allow him $1,600 in excess of the contract price, in remuneration for this extra work. The board adopted the suggestion, and issued to Murphy warrants to the amount of $6,100; being $4,500 as *per* the contract, and $1,600 for the extra work. The amount due on these warrants has been paid, except about $1,800, to compel payment of which this proceeding is brought. All these facts appear upon the face of the petition, to which a demurrer was interposed by the defendant. The demurrer being overruled, an answer was filed, setting up various defences unnecessary to be noticed.

The contract with Murphy was in plain violation, and seemingly in ignorance or in defiance of, the provisions of the act entitled " An Act to prevent the fraudulent letting of contracts by Boards of Supervisors," approved Feb. 13, 1871. Acts 1871, p. 101. By the terms of this act, boards of supervisors are expressly forbidden to delegate the letting of contracts for public work to any committee or commissioner, whether composed of their own members or other persons. All such contracts are required to be made by the board itself in open session. The contract, it is declared, shall be awarded to the lowest responsible bidder, who shall at once give bond for a faithful compliance with its terms; and the giving of the bond, with good and sufficient sureties, is made the test of the responsibility of the bidder. It is finally declared that " all contracts made in violation of any of the provisions of this act shall be void." No provision of this act was observed in the contract with Murphy. Indeed, either designedly or ignorantly, all of its provisions were flagrantly disregarded and violated. It is well settled that contracts made by the officers of municipal or quasi-

municipal corporations in violation of law impose no liability upon the body politic, and that no subsequent ratification by such officers of the void contract can impart to it validity. Having originally no authority to enter into the contract in the mode adopted, they can have no power to validate it by subsequent ratification. *Nash* v. *St. Paul*, 8 Minn. 181; s. c. 11 Minn. 174; *People* v. *Flagg*, 17 N. Y. 589; *Brady* v. *New York*, 20 N. Y. 312; *Hague* v. *Philadelphia*, 48 Penn. St. 528.

It is urged that this principle applies only to powers conferred by statutes, as to which it is properly held that the mode of exercise designated is exclusive of all others; but that, where the power is conferred by the Constitution, the limitations imposed by the legislature, if valid, are declaratory and directory only; that, by art. 6, § 20, of our State Constitution, the boards of county supervisors are given "full jurisdiction over roads, ferries and bridges;" and by § 16 of art. 12, it is declared, that "no county shall be denied the right to raise by special tax money sufficient to pay for the building and repairing of court-houses, jails, bridges and other necessary conveniences for the people of the county;" and hence it is argued, that over these subjects the boards of supervisors have a jurisdiction of which they cannot be deprived by the legislature; and that, if the latter body attempts to prescribe a method for its exercise, the directions are not to be construed as so mandatory as to render their acts void if not strictly followed. We cannot assent to this view. Jurisdiction over roads, ferries and bridges is by the Constitution conferred upon the boards of supervisors, just as equity jurisdiction is conferred upon the Courts of Chancery and appellate jurisdiction upon this court. It is not within the power of the legislature to take away these several jurisdictions, or bestow them upon other tribunals; but, by virtue of its possession of the general legislative authority of the State, it may prescribe the mode and manner in which these several jurisdictions shall be exercised; and the regulations prescribed will be obligatory, unless they amount practically to a deprivation of power. When it has prescribed a particular mode and prohibited all others, any deviation from that mode will vitiate the act done. So far from perceiving any infringement of the

jurisdiction of the boards of supervisors by the act of Feb. 13, 1871, we regard it as a most salutary enactment.

It is lastly insisted that the warrant issued to Patrick Murphy was in the nature of a judgment, by virtue of which the legality of his demand and the validity of his contract had become adjudicated, and all inquiry in relation thereto precluded. A county warrant is a valid judgment only in cases where the board of supervisors had legal authority to issue it, or to contract the obligation in settlement of which it was issued; but it imposes no liability when issued in violation of law, or in fulfilment of a contract that the board was prohibited from entering into. The original contract being a nullity and imposing no liability upon the county, it is not possible for the board of supervisors, by the issuance of a warrant, to create one. The law, in this case, which prohibited and made void the contract, acted as a limitation upon the power of the board, and nullified its act in the issuance of the warrant. *Supervisors* v. *Klein*, 51 Miss. 807.

*Judgment reversed and petition dismissed.*