[No. 3824.]

## THE UNITED STATES SECURITY AND BOND CO. v. WOLFE ET AL.

1. TAX DEEDS—SEWER TAXES—EVIDENCE.

A tax deed may issue upon property sold for delinquent sewer taxes under a special assessment by the city of Denver, and will have the same force and effect as evidence, as a tax deed issued upon a sale for general taxes, and is *prima facie* evidence that the taxes for which the property was sold were levied according to law, and that all essential preliminary steps have been regularly taken.

2. TAX DEEDS—EVIDENCE.

The fact that a tax deed shows upon its face that the sale was not made at the first regular sale of lands after the tax became delinquent, does not affect the admissibility in evidence of the deed, nor does it make necessary any preliminary proof explaining why such sale was not made at the first regular sale for taxes, but the presumption is still in favor of the regularity of the sale.

3. APPELLATE PRACTICE—OBJECTIONS NOT RAISED IN TRIAL COURT.

A judgment will not be reversed upon a point not raised in the trial court, and which is of such character that had an objection been made in the lower court the error might have been obviated.

*Appeal from the District Court of Arapahoe County.*

Messrs. TEBBETTS & SEARS, for appellant.

Mr. JOHN R. SMITH, for appellees.

MR. JUSTICE GABBERT delivered the opinion of the court.

The substantial question presented for determination in this case is, whether or not a tax deed, appearing on its face to have been issued upon a tax sale made exclusively for delinquent sewer taxes under a special assessment made by the city of Denver, has the same force and effect as evidence, as a tax deed issued upon a sale for general taxes.

A preliminary question relating to the pleadings in this case has been raised, which was but briefly discussed in the oral argument, and in the briefs filed seems to be treated as of

minor importance, and we shall pass it without determination, but with the suggestion that if appellees intended to assert an adverse interest against appellant in the premises in controversy, their pleading in this respect may be insufficient, in that it fails to state facts from which the conclusion could be deduced that they claim the title to such premises, either by prescription or under section 2923, 3 Mills' Ann. Stats, because it does not allege that their possession upon which they rely was under a claim of right, and adverse and hostile to that of appellant, and all other persons. 1 Ency. Law (2d. ed.), 795 ; 13 Ency. Pl. & Pr. 287.

If it was intended to plead title in themselves by virtue of the provisions of any other sections of our statute of limitations, then it may be defective, because it fails to plead " color of title," based upon a " paper title." *De Foresta v. Gast,* 20 Colo. 307 ; *Knight v. Lawrence,* 19 Colo. 425 ; *Durkee v. Jones, ante* p. 159.

We also suggest that if this plea of appellees was sufficient, it was an affirmative defense, and being such, was new matter to which it was necessary to reply, without which there was nothing for the court to try ; that is, in the absence of a reply, the interest of appellees stood admitted, the very question which the action with issues properly framed was brought to determine. *Nash v. City of St. Paul,* 11 Minn. 174 ; Boone's Code Pleading, § 108 ; *Power v. Bowdle,* 3 N. D. 107.

If insufficient, then appellees failed to assert any interest in the premises in dispute, and they could not put appellant upon proof touching its possession and title. *Wall v. Magnes,* 17 Colo. 476 ; *Weston v. Estey,* 22 Colo. 334.

The question regarding the admissibility of a tax deed issued in pursuance of a sale for special sewer taxes, made by the city of Denver, arises upon the following record : Appellant, as plaintiff, brought this action to quiet title to certain real estate situate in the city of Denver. To establish its title to such premises, it offered in evidence two tax deeds, which recited that the property in controversy was subject to sewer taxes for the year 1890, and that such premises were sold by

the treasurer of Arapahoe county on the 26th day of October, 1892. To the admission of these deeds in evidence counsel for appellees objected for two reasons : (1) That such taxes were levied for 1890 ; that the sale for the nonpayment thereof did not occur until the 26th day of October, 1892, and before they can be received, there must be a showing why the sales were not made at the time required by law ; and (2) that as they purported to be for delinquent sewer taxes, they were not admissible without proof that all the prerequisites of the law with respect to special assessments for such purposes had been complied with. These objections were sustained, and appellant having elected to stand or fall on the admissibility of these deeds as *prima facie* evidence of title, the court rendered judgment dismissing the complaint, from which it appeals.

The determination of the correctness of the ruling of the lower court depends upon a construction of the statutes relative to the manner by which the payment of sewer taxes against property in the city of Denver may be enforced. The law authorizing the city to levy sewer taxes provides that they shall be collected and paid in the same manner as all other city taxes. Laws, 1889, p. 146. The same act also declares that all delinquent taxes for sewer assessments shall be governed by the general laws of the state relative to delinquent taxes and assessments. Laws, 1889, p. 145. The legislature, for the purpose of empowering the city to collect city taxes, has enacted that such taxes shall be collected by the treasurer of Arapahoe county in the same manner, and at the same time, that county and state taxes are collected, and that all laws of the state for the assessment and collection of general taxes, including the laws for the sale of property for taxes, and the redemption of the same, shall apply to, and have as full effect for the collection of such taxes as is provided for the collection of general taxes. Session Laws, 1885, p. 104.

From these provisions it is apparent that it was the intention of the legislature to enable the city of Denver to collect

special sewer assessments in the manner provided for the collection of general taxes under the general laws of the state, and that if they were not paid when due, the property against which they were assessed might be sold under the same conditions and with the same results which follow a sale of realty for the nonpayment of general taxes.  From the language employed in the statutes above referred to, we do not see how it is possible to reach any other conclusion; otherwise, we would be compelled to conclude that neither interest nor penalty attached to delinquent taxes of this character; that the property against which they were assessed could not be sold—in short, that none of the provisions of the law relative to the sale of property for delinquent general taxes were applicable.  It follows, therefore, that a tax deed may issue upon property sold for delinquent sewer taxes, and that the deed which issues is the one which the law provides shall issue for the sale of realty for delinquent general taxes, if redemption from such sale is not made within the time limited.  The form of this deed is prescribed by section 3901, 2 Mills' Ann. Stats.  Section 3902, 2 Mills' Ann. Stats., provides that it shall be *prima facie* evidence in all courts of this state, and in all controversies in relation to the rights of the purchaser, his heirs or assigns, to the land thereby conveyed of the following facts: " That the real property conveyed was subject to taxation for the year or years stated in the deed; that the taxes were not paid at any time before the sale; that the real property conveyed had not been redeemed from the sale at the date of the deed; that the property had been listed and assessed at the time and in the manner required by law; that the taxes were levied according to law; that the property was advertised for sale in the manner and for the length of time required by law; that the property was sold for taxes as stated in the deed; that the grantee named in the deed was the purchaser or the heir-at-law or the assignee of such purchaser, and that the sale was conducted in the manner required by law." Provisions by which the legislature intended to make the collection of

public taxes certain and by which the common-law rule which requires that a party claiming title under special proceedings authorized by statute and by which the estate of one man may be transferred to another, was abrogated.

The argument of counsel for appellees in support of his proposition that these deeds were not admissible without preliminary proof, is practically limited to the one that it was incumbent upon appellant to establish that the essential preliminary steps had been taken in levying the special assessments for which these premises were sold, before they could be admitted. If the presumption in favor of tax deeds issuing upon the sale of realty for a sewer tax, that such tax has been legally levied does not attach, it must necessarily follow that the deeds in question are not *prima facie* evidence of any of the facts which section 3902, *supra*, provides they shall be, but if we except one presumption, we must except all, for there is no other provision of the law which is applicable to deeds of this character. The law relative to special assessments for sewer taxes provides that certain steps must be taken in order to render such tax legal, but the law also declares that a tax deed shall be *prima facie* evidence that the taxes for which the property was sold were levied according to law, which under our construction of the statutes applicable to the case at bar includes sewer taxes, for we think the legislature has clearly manifested its intention to place taxes of this kind upon the same plane as general taxes, and to that end has provided the same methods in every respect to enforce their collection. *Sibley v. Smith*, 2 Mich. 486 ; *Sanger v. Rice*, 23 Pac. Rep. 633.

The case of *Carpenter v. Shinners*, reported in 41 Pac. Rep. 473, is relied upon by counsel for appellees in support of his position that these deeds are not *prima facie* evidence of the facts, to the extent that we have indicated. That case is easily distinguished from the one at bar. The court there had under consideration an act to provide for the organization and government of municipal corporations by which authority was conferred upon the municipal authori-

ties in the state of California to provide by ordinance a system for levying and collecting city taxes in conformity, as nearly as possible, with the provisions of the state laws on the same subject. The act also provided that deeds made upon the sale of property for taxes on special assessments levied by the municipal authorities should have the same force and effect in evidence that deeds issued for property sold for the nonpayment of state or county taxes had. The court held that a deed issued for property sold for the nonpayment of city taxes was not *prima facie* evidence of the facts which the law purported it should be in the absence of proof of the passage and existence of an ordinance authorizing the tax proceedings for the reason that the court could not take judicial notice that such an ordinance as the law contemplated had been passed. The distinction between that case and the one at bar is this: The legality of a city tax depended upon the passage of an ordinance which it was necessary should provide all steps to be taken in the levy and collection of city taxes and the sale of property for the nonpayment thereof. In other words, that an ordinance must first be passed in conformity with certain requirements which provided a complete procedure for the levy of city taxes, the sale of property for the nonpayment thereof, and all details under which such taxes could be levied and payment enforced independent of any provision of the laws of the state on the subject before such taxes could be regarded as legal, and the court properly held that without proof that such an ordinance had been passed, there was nothing upon which to base the validity of the tax for which property had been sold.

It will be noticed that the decision in that case is limited so far as preliminary proof was concerned, to the one prerequisite of proof of the passage and existence of an ordinance, as required by law, clearly indicating that the decision in the case was based upon the ground above suggested, and that with such proof, tax deeds issued for the sale of property on delinquent city taxes would become *prima facie* evidence of

the facts enumerated by the law of the state. Other authorities cited by counsel for appellees which hold that it was necessary to prove certain prerequisites before a tax deed executed upon property sold for special taxes was admissible in evidence, are based upon the proposition that the statutes under which such deeds issued did not make them *prima facie* evidence of the regularity of the sale, or that the requisite steps had been taken to authorize it. Under such conclusion these decisions are undoubtedly sound, but by reason of the difference in this respect in the law under which the deeds in question were issued, from that governing deeds in the authorities cited, the latter are not applicable.

It is also claimed that these deeds were not admissible because they recite that the property in controversy was subject to sewer taxes for 1890, and that such premises were sold on the 26th day of October, 1892. The particular reason urged in support of this proposition is, that the sale should have regularly taken place in 1891, and that in the absence of an explanation why the sale did not occur until the 26th day of October, 1892, they were properly excluded. Section 3902, *supra*, provides that the tax deed shall be *prima facie* evidence of the fact that the sale was conducted in the manner required by law. The Laws of 1891, p. 288, authorize the county treasurer to sell all lands on which taxes levied the preceding year, or *any preceding year*, shall remain unpaid. This section expressly contemplates that lands may be sold for prior delinquent taxes at any regular sale without respect to the time when they became delinquent. *Litchfield v. County of Hamilton*, 40 Iowa, 66; *Knowles v. Martin*, 20 Colo. 393.

The presumptions in favor of the regularity of the sale of realty for delinquent taxes, by a deed evidencing such sale, when offered in evidence, do away with the necessity of any preliminary proof explaining why such sale was not made at the first regular sale of lands for taxes after they became delinquent. *Lott v. Welch*, 33 Iowa, 192.

It is also claimed by counsel for appellant, that the court should have decreed as a condition precedent to the dismissal of the action, that appellees pay to it the amounts paid at the tax sales, upon which such deeds were issued, together with interest and penalties, by reason of the provisions of sections 3904 and 3905, 2 Mills' Ann. Stats. The court below had no opportunity to pass upon this question, for the record fails to disclose that appellant requested any such relief; neither is there any pleading upon which to predicate such a judgment. This court will not reverse a judgment upon a point which the trial court was given no opportunity to pass upon, which is of that character, that had an objection been made in the court below, the error complained of might have been obviated. *Cone v. Montgomery*, 25 Colo. 277; *Schilling, v. Rominger*, 4 Colo. 100.

For this reason we decline to pass upon this question. The tax deeds tendered by appellant should have been received in evidence, and for the error in rejecting them, the judgment of the district court is reversed, and the cause remanded for a new trial, and such further preliminary proceedings as may be proper.

*Reversed and remanded.*