BOARD OF SUPERVISORS OF HOLMES CO. v. BLACK CREEK
DRAINAGE DISTRICT.

[55 South. 963.]

1. DRAINS. *Property assessable. Constitution, section* 170. *Code* 1906,
*section* 1721. *Board supervisors.*

Code 1906, section 1721, providing that if, in the organization of a
drainage district and the construction of ditches and drains there-
under, any public road or railroad or turnpike shall be benefited by
said system of drainage, the said commissioners shall have the
right to assess said road, public road, rail roads benefited, etc., is
violative of section 170 of the Constitution 1890, in so far as said
act confers on the drainage commissioners power to assess the public
roads with such an amount as they may deem said roads benefited
by the drainage district, since under said section 170 of the Consti-
tution, "the boards of supervisors have full jurisdiction over
roads, etc."

2. STATUTES. *Validity.*

Where a part of a drainage act is unconstitutional, but the invalid
portion of the statute is clearly separable from the balance, and there
is left a consistent drainage scheme, the balance of the act is not
affected thereby.

APPEAL from the chancery court of Holmes county.
HON. JAMES F. McCOOL, Chancellor.

This is an appeal from the vacation decree of the
Chancellor rendered in pursuance of the provisions of
chapter 39 of Code 1906, relative to drainage districts,
by which decree the assessment of the commissioners for
the district of benefits received by landowners in the
district was approved.

*W. L. Dyer,* for appellant.

Any assessment laid upon the roads, or other county
property, requiring to be discharged in money must nec-
essarily be discharged by the county, and is, therefore,

a charge on the county, if there is any liability anywhere. The inanimate land could not very well pay the money into the treasury, if it had it.

As the private owner must discharge the burden laid on his land, so the county must discharge any liability fixed on the roads. If the private owner fails to do this, then his lands may, and will, be sold in satisfaction, as provided by section 1703 of the Code.

This rule could not be applied to the public roads, in view of section 170 of the Constitution; the legislature can confer authority on no one, other than the board of supervisors, to sell the roads. Probably not the board while existing as roads.

The legislative power in this respect is confined to regulating the constitutional jurisdiction of the boards. Board v. Arrighi, 54 Miss. 668; Paxton v. Baum, 59 Miss. 531; Seal v. Donnelly, 60 Miss. 658; also, Monroe Co. v. Strong, 78 Miss. 565.

If there can be no imposition placed directly on the roads, then by implication the assessment must fall on the county, if it be a liability anywhere, to be paid out of the general funds raised by general taxation and is clearly within the prohibition of section 183.

The third and fourth exceptions taken by the county to the assessment is on the ground that such attempted imposition of taxes on the public roads is not such regulation of them as is within the power of the legislature to make, but is an infringement of the constitutional jurisdiction of the board of supervisors, conferred by section 170 of the Constitution.

Such imposition of taxes is, in effect, an appropriation of the roads to other purposes, foreign to their use as highways.

Not merely an additional servitude, such as the use for street railway, telegraph and such like purposes.

Is, in effect, if the statute could be carried out as written, a deprivation of the property, which our court says

cannot be done, if the board was thereby deprived of its power over it. *Supervisors v. Arrighi,* 54 Miss. 672.

The statute is an attempt by indirection to do the things prohibited by both sections 170 and 183 of the Constitution; if I am correct in this position, no authority is necessary to sustain the proposition that the statute exceeds the legislative power.

*H. H. Elmore,* for appellee.

The legislature may prescribe regulations as to the exercise of jurisdiction by the board of supervisors over roads, ferries and bridges; but it cannot deprive the board of its jurisdiction. It is very difficult to define where regulation ceases and deprivation begins. So far as I have been able to discover no rule has been announced by our Supreme Court defining the limits within which the legislature may regulate the jurisdiction of the supervisors. It would seem that the legislature may go as far as it desires, provided always that the board is not deprived of its jurisdiction. Measured by that rule the section of the drainage law imposing a tax on the roads could not in any sense be said to be deprivation of the jurisdiction of the board. It might be so, if the tax should be enforced by a sale of the roads but this would not be the proper method of enforcing the tax and would not be permitted.

The legislature may do all that which is not prohibited by the Constitution of our state, or of the federal Constitution. According to our views there is nothing in either which prohibits the legislature from requiring the county to pay such sum as will be commensurate with the benefits derived by the public on account of the benefits to the road.

ANDERSON, J., delivered the opinion of the court.

There is involved in this case the constitutionality of section 1721, chapter 39 ("Chancery Court Drainage

District Chapter"), Code 1906, in so far as it affects public roads. That section is as follows: "If, in the organization of said drainage district, and the construction of ditches and drains thereunder, any public road or railroad or turnpike road shall be benefited by the said system of drainage, the said commissioners shall have the right to assess the said road, public road, railroad or turnpike road such amount as they may deem said roads or railroads benefited, which assessment shall be made at the time of assessing the lands of said district, and said roads or railroads shall have the right to appear and make objection as landowners in said district at the time of hearing objections to such assessment." The Black Creek drainage district, in Holmes county, was duly organized under the provisions of that chapter. The drainage commissioners assessed the county for benefits to its public roads traversing said districts, as follows: "Holmes county, Mississippi, for benefit to the Howard turnpike, fifteen hundred dollars; Holmes county, Mississippi, for benefit to the Tipton public turnpike, five hundred dollars." This assessment was approved by decree of the chancellor rendered in vacation, in accordance with said chapter 39, from which decree the county appeals to this court. Section 170 of the Constitution provides, among other things: "The board of supervisors shall have full jurisdiction over roads, ferries and bridges, to be exercised in accordance with such regulations as the legislature may prescribe, and perform such other duties as may be required by law."

It is contended, on behalf of the county, that in so far as section 1721, Code of 1906, confers on the drainage commissioners power to assess the public roads with such amount as they may deem said roads benefited by the drainage district is violative of the above clause of section 170 of the Constitution, because thereby the board of supervisors is deprived to that extent of jurisdiction over such roads. It was held in *Jefferson County* v.

*Arrighi,* 54 Miss. 668, that the jurisdiction of the board of supervisors over roads, ferries, and bridges, conferred by the Constitution, could be *regulated* by the legislature, but not taken away. The court said: "Jurisdiction over roads, ferries and bridges is by the Constitution conferred upon the board of supervisors, just as equity jurisdiction is conferred upon the courts of chancery and appellate jurisdiction upon this court. It is not within the power of the legislature to take away these several jurisdictions, or bestow them upon other tribunals; but, by virtue of its possession of the general legislative authority of the state, it may prescribe the mode and manner in which these several jurisdictions shall be exercised, and the regulations prescribed will be obligatory, unless they amount practically to deprivation of power."

In *Seal* v. *Donnelly,* 60 Miss. 659, the court held that the right to deal with roads, ferries, and bridges could not be taken away from the board of supervisors and confided in another magistracy, but that the mode and manner of the exercise of such right could be regulated by the legislature. Is section 1721 a mere regulation of the manner of the exercise of this constitutional power conferred on the board of supervisors, or does it amount to a deprivation or abridgment of such power? If the latter, the statute is unconstitutional; if the former, it is valid. The statute expressly confers, in clear and unmistakable terms power on the drainage commissioners to determine to what extent, if any, the public roads traversing the drainage district are benefited by the system of drains, and to assess such roads with such amounts as they may deem they are so benefited, which is made a charge on all the taxpayers of the county. The assessment of such benefits is not made subject to the approval of the board of supervisors. By the statute the supervisors are deprived of all power whatever to determine whether such roads are benefited, and, if so,

how much, and the sum with which the county is to be charged on account of such benefits. In other words, to the extent provided by the statute, the jurisdiction of the public roads, in these drainage districts, is taken away from the board of supervisors and conferred on the drainage commissioners. In our judgment, it would be hard to conceive of a statute more clearly violative of the clause in question of section 170 of the Constitution.

However, neither the remainder of this section nor the other provisions of chapter 39 are affected by the unconstitutionality of the provision under consideration. The invalid portion of the statute is clearly separable from the balance, and there is left a consistent drainage scheme, which doubtless the legislature would have adopted, had it known it was without power to pass this provision here condemned as unconstitutional.

*Reversed and remanded.*

MAYES, C. J., dissents.