LACEY et al. v. STATE ex rel. MORGAN, DIST. ATTY.

(En Banc. Jan. 2, 1940.)

[192 So. 576. No. 33980.]

W. E. Gore, of Jackson, and H. T. Leonard and D. H. Glass, both of Kosciusko, for appellants.

**J. D. Guyton,** of Kosciusko, for appellee.

**Anderson, J.,** delivered the opinion of the court.

Appellants, Dr. W. R. Lacey and T. J. Austin, were elected trustees of the Kosciusko municipal separate school district and entered upon the performance of their duties as such. They were ousted from their offices by the judgment of the circuit court of Attala county in a quo warranto proceeding brought on the relation of the district attorney for that purpose. The ground upon which they were removed from office is that they were not patrons of the school of which they were elected as trustees. From that judgment they prosecute this appeal.

The appeal is based upon the contention that Chapter 222 of the Laws of 1938, insofar as it requires school trustees to be patrons of the school of which they are trustees, is violative of Section 250 of the Constitution, and therefore void. We are of the opinion that the contention is well founded. Section 250 of the Constitution provides: "All qualified electors and no others, shall be eligible to office, except as otherwise provided in this Constitution." There is no other provision in the Constitution affecting the qualifications of school trustees. State ex rel. Greaves v. Henry, 87 Miss. 125, 40 So. 152, 5 L. R. A. (N. S.), 340; Wynn v. State, 67 Miss. 312, 7 So. 353; and McCool v. State, 149 Miss. 82, 115 So. 121, are decisive of the question. In the State ex rel. Greaves case the Court used this language [87 Miss. 125, 40 So. 154, 5 L. R. A. (N. S.), 340]: "Another principle is that, where the Constitution deals with a subject, its words must be the sole boundary, and sacred from the Legislatures, except where it permits expressly or by necessary implication. Another is that, where the Constitution schedules powers, giving or taking away, it must be pre-

sumed to have scheduled all, and it only must be looked to, with its necessary implications, for the limit of authority or restriction.''

The Constitution of 1869, Article 7, Section 4 provided that no person should be eligible to any office who was not a qualified elector. The Legislature passed an act adding to the qualifications of county superintendents of education the requirement that they hold a first grade certificate. The Court held in the Wynn case that the act was unconstitutional. In the McCool case the Court had under consideration a statute (Section 3430, Code 1906) which provided that in case of an increase of the municipal indebtedness, without being authorized by a majority vote of the qualified electors of the municipality, the mayor and aldermen in office at the time should not succeed themselves or each other. That statute was held unconstitutional upon the ground that no other qualification could be added to that prescribed by Section 250 of the Constitution.

The unconstitutionality of the particular provision in question of Chapter 222 of the Laws of 1938 does not affect the balance of the Statute. Taken out of the Statute there is left a complete legislative plan which had been embodied in Section 6664 of the Code of 1930, and which no doubt the Legislature would have left standing if they had known the amendment violated the Constitution. Board of Supervisors of Holmes County v. Black Creek Drainage District, 99 Miss. 739, 55 So. 963; American Express Co. v. Beer, 107 Miss. 528, 65 So. 575, L. R. A. 1918B, 446; Ann. Cas., 1916D, 127.

Reversed and judgment here for appellant.