BANK OF COMMERCE ET AL. *v.* CLARK, SHERIFF AND TAX COLLECTOR.

[75 South. 595, Division A.]

1. DEPOSITORIES. *Statutes. Construction. Repeal.*

The banking Act of 1914, chapter 124, and·the amendment thereto of 1916, chapter 207, were never intended to repeal and destroy the purpose and protection afforded by section 3485 of the Code of 1906, with reference to deposits of public moneys and making such deposit a trust fund with a preference over certain other claims.

2. DEPOSITORIES. *Statutes. Construction. Repeal.*

The depository law of the state (Acts 1908, chapter 96, as amended by Laws 1910, chapter 224), when put in operation as provided therein, supersedes and annuls the security and protection of section 3485, Code 1906, and to that extent supersedes the said code section; but the provisions of no other statute affect or repeal section 3485, Code 1906.

3. DEPOSITORIES. *Deposit of public funds. Statute.*

The fact that a tax collector, accepted a private bond, not author-
ized by law, to secure the deposit made by him of the public
funds in the bank, can in no wise affect the *Status* of the deposit
of these public funds as fixed and defined by section 3485, Code
1906.

APPEAL from the chancery court of Harrison county.
HON. W. M. DENNY, Jr., Chancellor.

Suit by John B. Clark as sheriff and tax collector of
Harrison county against the Bank of Commerce and
others. From a decree overruling a demurrer to the
bill, defendants appeal.

The facts are fully stated in the opinion of the court.

*N. C. & C. E. Hill,* for appellants.

The appellants in this cause take the position that sec-
tion 3485 of the Code of 1906, is necessarily repealed by
chapter 124 of the Laws of 1914, and that said provision
of the Code is no longer in force and effect, because the
subject-matter embraced in said section of the Code has
been treated of by said two acts of the legislature, and
that the provisions of said Acts of 1914 and 1916 are
not in harmony with section 3485 of the Code in this, that
section 39 of chapter 124 of the Laws of 1914, in treat-
ing upon the payment of claims against said bank and
as to how they shall be paid, provides as follows:

"All deposits not otherwise secured shall be guaran-
teed by this act. The guaranty provided for in this act
shall not apply to a bank's obligations as endorser upon
bills re-discounted, nor to bills payable nor to money bor-
rowed from its correspondents or others, nor to depos-
its bearing a greater rate of interest than four per cent
per annum. Each guaranteed bank shall certify under
oath to the Board of Bank Examiners at the date of each
called statement the amount of money it has on deposit
not eligible to guaranty under the provisions of this act,
and in assessing such bank this amount shall be deduct-

ed from the total deposits." Section 38 as amended by chapter 207 of the Laws of 1916, so as to read as follows:

"All deposits not otherwise secured, and all cashier's checks, certified checks, or sight exchange, issued by banks operating under this law shall be guaranteed by this act. The guaranty as provided for in this act shall not apply to a bank's obligations as endorser upon bills rediscounted, nor to bills payable, nor to money borrowed from its correspondents or others, nor to deposits bearing a greater rate of interest than four per cent per annum. Each guaranteed bank shall certify under oath to the board of bank examiners at the date of each called statement the amount of money it has on deposit not eligible to guaranty under the provisions of this act, and in assessing such bank this amount shall be deducted from the total deposits," and it will be observed that by the original enactment of the new banking law of 1914, and by the amendment thereto in 1916, it is provided that all deposits "not otherwise secured," shall be paid out of the guaranty fund of the state and are thereby made preference claims over the ordinary creditors of said bank. The court will observe that in the original Act of 1914 and amendment of 1916 that no provision is made in either act for the payment of any "trust fund," and that no reference is made to a "trust fund," but in the amendment of 1916 cashiers checks, certified checks or sight exchange issued by banks operating under the guaranty clause are added to the character of claims that are designated by Act of 1914 as preference claims, and surely if the legislature had intended that section 3485 of the Code should still remain in force and effect that sort of claim would most certainly have been included in The Acts of 1914 and in the Act of 1916, and inasmuch as both legislatures had the subject-matter before them in legislating upon the payment of claims owing by insolvent banks never included in either of them a provision for the payment of what appellee contends is a "trust

fund'' and it is provided by said Act of 1914 that all laws in conflict with said act are repealed, assuredly we submit that the present plan of liquidating banks and taking security on deposits is in conflict with said section of the Code.   That was held in the case of *Potter* v. *Fidelity and Deposit Company*, 58 So. 713, 103 Miss. 91, that ''A deposit of state funds in a bank made pursuant to chapter 96, page 77, Laws of 1908, were not trust funds under section 3485 of the Code of 1906, and that the Code had no application to public funds deposited in a bank where said deposits were made according to the Depository Law of 1908.''   The Depository Law was enacted long after the Code of 1906 was enacted, and likewise the chapter on the government of the liquidation of state banks was enacted long after the depository law was made, and provides a complete remedy for the liquidation of banks and for the payment of claims against it. One of the provisions of said act is that all deposits ''not otherwise secured'' shall be paid in full out of the assets of the bank if sufficient, and if not, then out of the state guaranty fund.   And when said provision was amended by a subsequent legislature in 1916, and other and a different character of claims added there to that were to be paid in full, no mention 'whatever was made in either act to ''a trust fund.''

But even if there is such a thing now as a ''trust fund'' under section 3485 of the Code, still we submit that when the tax collector took and required the execution of a bond to him for the repayment of said funds then said deposit is ''otherwise secured,'' and therefore is not embraced within the meaning of the Law of 1914, and the amendment thereto in 1916.

We submit that the court below was in error in overruling the demurrer of appellants in holding that section 3485 of the Code was not replaced, and in holding further that said deposit was a trust fund and that appellee was entitled to proceed against the assets of said bank to the exclusion of all other creditors in the collection of his

claim in full, and was in further error in holding that appellee should not have made said bond and bondsmen parties to said suit, so that the representatives of said bank and the banking department could have filed a cross action against said bondsmen for the recovery of said money, in the event the court should hold that appellee was entitled to go directly against the bank's funds for the recovery of his said deposit before exhausting his remedy against said bond.

*Dodds & Montgomery* and *V. A. Griffith,* for appellee.

In the first and second assignment of error, which were presented in the court below as the third ground of demurrer, appellants attack section 3485 of the Code of 1906, and say that this section has been superseded and replaced by the state banking law contained in chapter 124 of the Laws of 1914, and the amendment to same contained in chapter 207 of the Laws of 1916. It is contended that section 38 of chapter 124 of the Laws of 1914 and the amendment of the same section in chapter 207, Laws of 1916, expressly provides what deposits are guaranteed and that the public funds in this case do not fall within said section. It is contended that said section mentions all deposits which are to be guaranteed and by the affirmative enumeration of same does not include public moneys and not only by an affirmative enumeration does it fail to include public moneys, but by positive expulsion excepts from the guaranty provision all deposits "otherwise secured." It is very evident that section 38 does not mention public moneys. It is further very evident that the state banking law of 1914 and 1916 does not deal with public moneys or trust funds. It is evident that the banking law does not deal with the same subject covered by section 3485 of the Code of 1906, to wit; public money as trust funds. Public moneys deposited by tax collectors in public depositories had been amply taken

care of by numerous provisions made by practically every legislature since 1908.

There was no necessity for protecting public moneys on deposit with public depositories. Section 3485 of the Code covered all public moneys wheresoever deposited and expressly constituted them trust funds. This section had performed great service for the public in many cases and had been liberally construed many times by this court. It afforded ample security and our. legislature evidently believed that public moneys with the protection thrown around public depositories, and with the protection afforded by section 3485 of the Code of 1906, were amply and throughly safe-guarded. For this reason our recent banking law extends its strong arm to the ordinary depositor, who heretofore had suffered by unexpected failures. The evil existing at the time the banking law was passed did not affect public moneys. The remedy afforded by said law did not deal therefore with public moneys; the law was passe to cure a well known evil. Ordinary depositors with astonishing frequency were suffering total or partial loss of their deposits, and the business of our state was being visibly affected by ruinous losses caused by frequent bank failures. With the liberal construction of the recent banking law, which it now seems that this court is adopting, the evil sought to be cured will soon be a thing of the past in our state.

But our legislature did not leave the repeal of section 3485 open to argument. While repeal by implication is not favored in law, and all construction is against repeal by implication, still our legislature by section 45 of the state banking act provides: "Section 45. How conflicting acts to be construed: All acts and parts of acts in conflict with this act are hereby repealed in so far as they so conflict, but no provision of any banking law or other statute of this state shall be construed to be amended, modified or repealed except in so far as necessary to permit the unrestricted operation of this act as

applied to banks participating in the priviliges of this act.'' By this we see that our legislature did not desire and did not intend to repeal any statute or banking law of our state unless the repeal was necessary to promote the unrestricted operation of the banking act. We submit that the unrestricted operation of section 3485, Code 1906, not only does not conflict with the banking act but that on the contrary the full and restricted operation of said section tends to promote and carry out the wise and beneficient intention of our legislature·in protecting from loss those who have heretofore innocently suffered as the victims of unexpected bank failures. In the case of *Powell* v. *Board of Supervisors of Tunica County,* it was strongly contended that section 3485 of the Code of 1906, had been repealed by the depository laws of 1910 and 1912. In that case public funds had been deposited in a bank, which had been selected, and which had duly qualified, as a public depository. It was contended that the depository laws covered the same subject as section 3485 and that said section had therefore been repealed by the depository law. The facts of the case showed that public moneys had been deposited with the bank in excess of the amount for which the bank had qualified as a depository. This court decided that section 3485 did not apply to the public funds so far as they were protected by the qualification of the bank as a depository, but that said section 3485 did apply to any excess. In other words' this court held that section 3485 was always of force and effect, unless it was directly and unmistakedly superseded by some provision covering the same subject-matter. *Powell* v. *Board of Supervisors of Tunica County,* 107 Miss. 410, 65 So. 499.

In support of the contention that the Banking Act has superseded section 3485, Code 1906, appellant quotes from the case of *Potter* v. *Fidelity and Deposit Company,* 101 Miss. 823, 58 So. 713 as follows: ''A deposit of state funds in a bank made pursuant to chapter 96, p. 77, Laws

of 1908, were not trust funds under section 3485 of the Code of 1906, and that the Code had no application to public funds deposited in a bank where said deposits were made according to the depository law of 1908.''

We admit that the deposit in this case would not be a trust fund if the appellant, Bank of Commerce, had qualified as a depository for enough to cover appellee's claim.   But even then under the *Powell Case,* 107 Miss. 410, section 3485, Code of 1906, would protect any excess over and above the amount for which the bank had qualified as a depository.

And the court has been very reluctant in holding that even public depository laws superseded section 3485, Code of 1906, although the depository may have fully complied with the depository laws.   Depository laws and section 3485, Code of 1906, do cover identically and absolutely the same ground, to-wit:   the deposit of public moneys.   But section 3485 covers the deposit of public moneys wheresoever made while the depository laws only cover deposits made in qualified depositories.   And where a bank has become a public depository and has fully complied with the depository law, it does seem that the public is amply protected and section 3485 is not needed and therefore superseded.   And yet this court reversed itself in the case of *Board of Levee Commissioners* v. *Powell,* and decided that the depository law of 1908, chapter 97, on account of a saving clause in section 3, did not supersede section 3485, Code 1906, even where the bank had fully complied with the depository law. *Board of Levee Comm.* v. *Powell,* 109 Miss. 415, 69 So. 215.

In short this court has always held that section 3485 of the Code is still in effect unless the deposit is made by virtue of a depository law in a duly qualified depository. *Potter* v. *Fidelity and Deposit Company,* 101 Miss. 828, 58 So. 713; *Board of Levee Commissioners* v. *Powell,* 109 Miss. 161, 68 So. 7.

The third ground further says that the deposit of the
sheriff and tax collector does not fall within the protec-
tion of the State Banking Act of 1914, because the said
deposit was ''otherwise secured by a bond, a copy of
which is attached to the bill of complaint, as exhibit ''B.''
Appellants say that appellee is not protected by the
banking act because of this bond. Appellee admits that
this deposit was otherwise secured. It was secured by
section 3485, Code 1906. But appellants contend that
complainant's deposit was ''otherwise secured'' by said
private bond. Such a bond could not change the char-
acter of the deposit in any way whatsoever. This se-
curity is not authorized by any law. It was taken with-
out the sanction of any statute. It is true that authority
has been by recent legislatures conferred upon certain
officials entrusted with public funds to take security for
their deposit. These depostiory laws are all strictly con-
strued. As said by Judge MAYES in the cases of *Potter*
v. *Fidelity & Deposit Company.* The deposit laws were
passed for this very purpose. ''Section 3485 merely re-
lieved the person depositing the funds from criminal
liability at the utmost. It certainly did not confer
authority to make the deposit. Under section 3485, no
person had any authority to loan the fund. No authority
was given to demand security.''

The sheriff therefore when he made his deposit with
the Bank of Commerce had no authority to demand any
security, and the private bond demanded by him was
therefore without sanction of law. The Bank of Com-
merce was not a public depository in any sense of the
word. Consequently in our opinion we do not see how
the private arrangement of the sheriff with the bank in
taking a private bond could in anywise change the *status*
of the deposit from what it would have been if the sheriff
had merely followed the course of the ordinary deposi-
tor. A security so utterly unauthorized by law could not
have been what the legislature meant when it said; ''All

deposits not otherwise secured.'' Surely it was not intended that the beneficient protection of the act should be withdrawn from a deposit of public money merely because the temporary trustee had done something not authorized by law.

HOLDEN, J., delivered the opinion of the court.

The appellee, John B. Clark, sheriff and tax collector of Harrison county, exhibited his bill of complaint in the chancery court of Harrison county alleging that he (John B. Clark), as sheriff and tax collector, deposited in the Bank of Commerce at Gulfport, Miss., five thousand, five hundred and fifty four dollars and sixty-eight cents, which deposit was in the bank on the 14th day of December, 1916, when J. S. Love, state bank examiner, took charge of the bank under the banking laws of our state and under a resolution of the board of directors of said bank. The bill alleges that more than sufficient money to pay the account of the complainant is and has been on hand in the bank since the date of its failure; that the said deposit was without interest, and was simply a deposit of public funds, and is protected as trust funds by section 3485, Code of 1906, which reads as follows:

"Public Moneys are Trust Funds.—All money deposited in bank, or with any other depository, by or for a tax collector, or other officer, having the custody of public funds, state, county, municipal, or levee board, whether the same be deposited in the name of the officer as an individual or as an officer, or in the name of any other person, is *prima-facie* public money and a trust fund, and is not liable to be taken by the general creditors of the officer or by the creditors of the depository.''

The bill of complaint further alleges that the bank was not a public or county depository in tny sense, but that complainant, without any authority of law, by a private arrangement, took a private bond executed by some citi-

zens of Gulfport, conditioned that the bank would repay
said deposit upon demand. The suit, it will be noted, is
directly against the appellant Bank of Commerce, the
principal on said private bond. The bill seeks to have
the deposit declared a preference trust fund of public
money under section 3485, Code of 1906. A demurrer
filed to the bill was overruled by the court, and this ap-
peal is here for the purpose of settling the principles of
the case.

The main contention here of the appellants is that sec-
tion 3485, Code of 1906, is necessarily repealed by
chapter 124, Laws of 1914, and act of 1916, and that said
provision of the Code of 1906 is no longer in force and
effect, because the subject-matter embraced in said sec-
tion of the Code has been treated of by said two acts of
the legislature, and that the provisions of said acts of
1914 and 1916 are not in harmony with section 3485 of
the Code, in this, that section 38 of chapter 124 of the
Laws of 1914, in treating upon the payment of claims
against said bank and as to how they shall be paid, pro-
vides as follows: ''All deposits not otherwise secured
shall be guaranteed by this act,'' etc. And section 38 was
amended by chapter 207, Laws of 1916, so as to read as
follows:

''All deposits not otherwise secured and all cashier's
checks, certified checks or sight exchange issued by banks
operating under this law, shall be guaranteed by this
act,'' etc.

It is urged by the appellant that the language, ''not
otherwise secured shall be paid out of the guaranty fund
of the state,'' repeals and annuls the benefit and pur-
pose of section 3485 of the Code of 1906, and that the de-
posit by the tax collector, in the case before us, is not a
preference trust fund; and, also, that it is not a guaran-
teed deposit under our banking law of 1914, because a
private bond, unauthorized by law, was executed by the
bank and several private citizens to the tax collector to

secure the deposit in the bank, making the deposit "otherwise secured." It is unnecessary for us to pass upon the latter proposition.

The Banking Act of 1914, and the amendment thereto of 1916, were never intended to repeal and destroy the purpose and protection afforded by section 3485 of the Code of 1906, with reference to deposits of public moneys and making such deposits a trust fund with a preference over certain other claims.

The depository law of our state (Acts of 1908, chapter 96, as amended by Laws 1910, chapter 224), when put in operation as provided therein, supersedes and annuls the security and protection of section 3485, Code of 1906, and to that extent *supersedes* the said Code section; but the provisions of no other statute affect or repeal section 3485, Code of 1906. *United States Fidelity & G. Co.* v. *First State Bank of Shaw,* 103 Miss. 91, 60 So. 47; *Powell* v. *Board of Supervisors,* 107 Miss. 410, 65 So. 699, Ann. Cas. 1916B, 1262; *Potter* v. *F. & D. Co.,* 101 Miss. 823, 58 So. 713.

The fact that the tax collector, appellee, accepted a private bond, not authorized by law, to secure the deposit made by him of the public funds in the bank, can in no wise affect the *status* of the deposit of these public funds as fixed and defined by section 3485, Code of 1906.

The public money deposited in the bank by the appellee tax collector is a trust fund under section 3485, Code of 1906, and is a preference claim to be paid out of the assets of the appellant bank. The decree of the chancellor overruling the demurrer is affirmed, the cause remanded, with leave granted to the appellant to answer the bill within thirty days after the filing of the mandate in the lower court.

*Affirmed and remanded.*