BANK OF COMMERCE OF GULFPORT ET AL. *v.* CITY OF GULFPORT.

[78 South. 519, Division A.]

1. BANKS AND BANKING. *Depositories. Municipal funds. Trust fund.*

The depository laws of the state are mandatory, and must be strictly followed in selecting a depository for public funds.

2. SAME.

Under Laws 1910, chapter 138, section 1, requiring municipalities to select a depository in the manner provided for the selection of county depositories, section 2, providing that each depository shall enter into bond, or deposit securities with the clerk as required of county depositories and chapter 137, Laws 1910, providing that a county depository shall qualify by giving bonds of a surety company. Although an order was duly made by the municipal authorities making a bank its depository, but in lieu of a bond of a surety company the bank gave a personal bond signed by individual sureties. In such case the bank did not become a legal depository and the city, upon the bank going into liquidation, had the right to proceed under Code 1906, section 3485 (Hemingway's Code, section 2823), providing that public money deposited in a bank shall constitute a trust fund not liable to be taken by creditors.

3. SAME.

In such case since the bank did not become the legal municipal depository and the city having the right to proceed under this section, it was not necessary for the city to put in suit the bonds given by the individual sureties, and such sureties were not necessary parties to the suit to recover the funds deposited with the bank by the city.

4. ESTOPPEL. *Suits to recover municipal funds.*

In a suit by a city to recover funds in an insolvent bank, under, Code 1906, section 3485 (Hemingway's Code, section 2823), providing that such deposits should be a trust fund, where the bank failed to give a surety company bond as required by Laws 1910, chapter 138, and thus failed to become a legal depository, there could be no estoppel against the city for the acts of its officers in treating the bank as though it were a legal depository.

APPEAL from the chancery court of Harrison county. HON. W. M. DENNY, JR., Chancellor.

Action by the city of Gulfport against the bank of commerce of Gulfport and another. Decree for the city and defendants appeal.

The facts are fully stated in the opinion of the court.

*D. M. Graham* and *N. C. & C. E. Hill,* for appellant.

It has been held by this court that where a depository bond has been given according to the statute no trust arises in public funds when thus deposited, but if this court as it seems to do, holds that the statute is mandatory in every respect, to be followed strictly and that it is not directory but that every requirement must be conformed to in the appointment of a depository and making it liable, then we may be permitted to submit that perhaps there are few, if any, legally qualified depositories in the state. So far as our own knowledge goes of the requirements in this regard we think we can say that very few are within that class. Besides, how is the bank examiner to know what public funds are deposited in the state bank, and when the bank claims that it is a legal depository for, said funds as to whether or not it is a legal depository, and how is he to determine whether or not the state or the bond will be liable in the event of a failure, and, in fact, we might venture to suggest that a state bank examiner, however efficient, might not be well enough versed in the law with reference to what it takes to constitute a

valid and legal depository to be able to judge of the
matter at all. We respectfully submit that under the
facts of this case the learned chancellor should have
required the city of Gulfport to make all of the said
bonds parties to the suit, if indeed it should not have
held that the city should first have exhausted its
security before appealing to the courts against the
bank, but at any rate we submit, that the said bonds
should have been made parties to the said suit, and that
they should have been required to respond to their
liability on said bonds, because they would be liable
whether they were illegal depository bonds or not, and
after the said city had, through the courts, exhausted
said bonds, then a judgment might have been given
for it against the bank for the remainder, if anything,
owing on its said deposits. We submit that the bonds-
men, and each of them, and especially on the bond of
1916, would be liable to the city of Gulfport whether it,
the bank was a legal depository or not, the liability of
the bonds would be just the same as if all the require-
ments of the law had been complied with in making the
bank a legal depository, for the said bonds guaranteed
to the city the safe return of said deposits, and said
bond was breached in that the bank did not return them;
and to allow these bondsmen who procured said funds
to be deposited in said bank to escape liability upon a
technicality that all of the requirements of the statute
had not been strictly complied with in making said bank
a depository would, we submit, work a great hardship
upon the state, and upon the guaranty funds which
should be protected for the benefit of depositors
throughout the state, and upon the various creditors of
said bank whose claims were not guaranteed.

The bonds in this case were not given under the same
circumstances as was the one in the case of the *Bank
of Commerce* v. *Clarke*, 75 So. 595, decided by this
court. In that case Clarke, as sheriff, deposited the
funds collected daily by him, as tax collector, during

the several months of collections, to his own credit in the Bank of Commerce and at the end of the month would have them placed in the bank as a deposit, and to secure the said deposit so placed in his own name in said bank during the month, he required a personal indemnity bond to be given to him by the bank, which was done. But, nobody ever regarded that bond as being a depository bond, and said bond was taken for his own individual personal security, but in the case at bar the parties all tried to comply with the law, and it would seem that both the city and the bank, and the sureties on said bond, believed that they were legal depository bonds, and that the law had been complied with, and that the bank was a legal depository, and to permit them to escape liability upon the technical construction of the depository law, and thus saddle the whole business upon the state guaranty funds, that should be built up and not brought down, for the benefit of general depositors, would, we submit, be unfair and unreasonable. So we submit, that the holdings of the learned court below that the whole of said funds so secured should be designated as a trust fund, and in refusing to require the city of Gulfport to make said bondsmen parties to said suit, so as to fix the liability upon them, and so that the banking department could be subrogated to the rights of the said city against the said bondsmen, seems to us to be erroneous, and we, therefore, respectfully ask the court to reverse the findings of the chancellor, and to hold that the said bonds are not to escape liability because of a technical failure on the part of the bank or of the city to comply strictly with the letter of the law in the steps to constitute the bank a legal depository for said city funds.

May we further submit to the court the fact, as we view it, that the guaranty provision of the law in Mississippi was designed to protect depositors in state banks; that prior to the passage of the act there were many bank failures, causing losses to thousands of

innocent depositors, and that it was the purpose and intention of the legislature in adopting said act to build up a good, strong, fund in the treasury of the state, out of which depositors might be paid and secured of their deposits in state banks, but it seems that there is a disposition throughout the state on the part of those who have claims against failed banks to pack off everything they can upon the state treasury, upon the banking department, and to ignore bonds given in the process of the business of the bank; to allow sureties to escape, and not even be sued, and to call upon the state treasury and guaranty fund of the state to carry all kinds of claims of depositors and creditors, and to allow those that ought to in fact pay said claims to escape liability, and we trust, therefore, that this court will not sanction the effort on the part of the bondsmen in this case, and of the city, to allow said bondsmen to escape liability in this matter if there is one, but that it should hold that said city should be required to make said bondsmen parties to said suit, and that their liability be established and exhausted before the city comes against the state funds for repayment.

*G. W. Evans* and *J. L. Heiss,* for appellee.

The appellants, the Bank of Commerce and J. S. Love, state bank examiner, prosecute this appeal from a decree rendered by the chancery court of Harrison county in cause No. 5288 of the *City of Gulfport* v. *Bank of Commerce and J. S. Love, State Bank Examiner,* and which decree was rendered on the 6th day of July, 1917, in favor of the complainant the city of Gulfport.

The tax collector of the city of Gulfport deposited in the Bank of Commerce a large amount of money belonging to the city of Gulfport, as tax collector of said city and that on the fourteenth day of December, 1916, the Bank of Commerce had in its possession, belonging to the

city of Gulfport about forty-nine thousand, three hundred, seventy-two dollars deposited by the tax collector of said city.

Appellee states that as a matter of law said amount of money is a trust fund in the hands of said Bank of Commerce and in the hands of said J. S. Love, state bank examiner and liquidator of said bank, the appellants in this cause, by virtue of section 3485 of the Code of 1906, and that the same is a preference claim and a lien on all the assets of said bank, now in the hands of the said J. S. Love, state bank examiner.

In the case of *Bank of Commerce et al.* v. *Clark*, 75 So. 595, the court says: "The banking act of 1914 and amendment thereto of 1916, were never intended to repeal and destroy the purpose and protection offered by section 3485 of the Code 1906 with reference to deposits of public money and making such deposit a trust fund, with a preference over certain other claims.

The appellees say that the Bank of Commerce was not a legal depository of the city of Gulfport at the time complained of, to wit: 14th day of December, 1916. There can be no legal depository unless chapter 22 of the Acts of 1910, have been fully complied with, and it is not shown anywhere in this record that there was any attempt to comply with this chapter.

An attempt was made in the court below by the defendants to show that a private bond, signed by private individuals, had been tendered to the city of Gulfport by the Bank of Commerce. There was no attempt to show that the kind of bond mentioned in chapter 224 of the Acts of 1910, had been executed or offered to be executed.

The court in the case of *Bank of Commerce et al.* v. *Clark*, 75 So. 595, says: "The fact that the tax collector accepted a private bond not authorized by law to secure the deposit made by him of public funds in the bank, can in no wise affect the *status* of the deposit of these

public funds as fixed and defined by section 3485 of the Code of 1906.

"The public money deposited in the Bank of Commerce by appellee's tax collector is a trust fund under section 3485 of the Code of 1906, and a preference claim to be paid out of the appellant bank." Under section 3485, municipalities are protected as well as state and county funds.

The appellee submits that the decree rendered in this cause in the court below ought to be affirmed and this appeal dismissed.

SYKES, J., delivered the opinion of the court.

The appellee, the city of Gulfport, filed a bill in the chancery court against the appellants, defendants in the court below, alleging, in substance, that since the 14th day of December, 1916, the bank has been in process of liquidation, being in charge of appellant J. S. Love, one of the members of the board of state bank examiners; that on the day Mr. Love took charge of the affairs of the bank the city of Gulfport had on deposit in said bank about fifty thousand dollars of the public funds of the city; that under section 3485, Code of 1906 (section 2823, Hemingway's Code), these public moneys deposited in the bank are a trust fund in the hands of the bank and the bank examiner, J. S. Love, and that the city is entitled to have this amount paid over to it, and that it is entitled to a preference and priority to the amount of its claim against all general creditors of the bank; that it is entitled to be paid in full, not only out of any funds in the hands of the bank or J. S. Love, the liquidator, but is entitled to have a charge or lien fixed upon all the assets of the bank for the payment of this deposit. The bill further alleges that the bank was not the legal depository of the city, as provided by law. The answer admits that the city had on deposit in the bank at the time it went into the hands of the liquidator

a certain sum of money, but denies that the city is entitled to the benefit of section 3485, Code of 1906, because this section has been repealed by chapter 124, Laws of 1914, as amended by chapter 207, Laws of 1916. It is alleged in the answer that the appellant bank was duly selected as the depository of the municipal funds, and qualified under the law as such depository, and that, for this reason, the above section of the Code cannot be invoked by the city. The defendant further alleges in its answer that when the bank qualified as the municipal depository it furnished the city a bond signed by individual sureties, in the sum of fifty thousand dollars; that a few months thereafter another bond in the same amount, signed by individual sureties, was given the city by the bank, and the first bond withdrawn; that the city has not sued upon these individual bonds, or made any effort to recover from these bondsmen this money; that the city is not entitled to maintain this suit against the state banking department and the assets of the defunct bank until it shall have first exhausted its remedy against these several bondsmen; that the city is not entitled to proceed further with this action until its said security on said bonds shall have first been exhausted; that in any event it should not be allowed to proceed with this action until it shall first make the sureties on these bonds parties to this suit. It is further alleged, in effect, that these bondsmen should be made parties to this suit, and that the defendant should be allowed to proceed against them and recover from them any funds required to be paid to the city out of the assets of the bank; that the defendants are entitled to be subrogated to the rights of the city of Gulfport against these bonds and the sureties thereon; that the court should not proceed further with this cause unless the complainant shall make the sureties on these bonds parties to the suit, so that all the parties shall be before the court. The answer does not in express terms ask that any part of it be considered a cross-bill.

A decree was rendered in favor of the city, in accordance with the prayer of its bill, and an appeal is prosecuted therefrom to this court.

The testimony in the case shows that the appellant Bank of Commerce in the year 1913 was the successor of a bank called the Bank of Gulfport; that during the existence of the Bank of Gulfport, and before the transfer of its assets to the appellant bank, the city had deposited its money in the Bank of Gulfport. The latter part of the year 1913 the city of Gulfport notified the banks of its intention to select a depository for the municipal funds, under chapter 138, Laws of 1910. One of the officers of the appellant bank wrote the city authorities that, in case this bank was selected as the municipal depository, it would furnish a bond of a duly authorized surety company for the protection of the city. An order was then duly adopted by the municipal authorities making this bank its depository. The bank failed to furnish the bond of the surety company, but about twenty-one months after it was selected as a municipal depository it filed with the city a personal bond in the sum of fifty thousand dollars, signed, of course, by individual sureties. This bond was attempted to be approved by the city by an order duly passed. A few months thereafter another personal bond in the same amount was substituted by the bank, and the former bond withdrawn. This was done by giving the second bond to the assistant city clerk, and getting her to deliver to the bank the first bond. This bond was never accepted or approved by the municipal authorities, or by an order of the municipal board. In fact, the substitution of the bond was not even known by the mayor and one of the commissioners, at least until after the bank went into the hands of the liquidator. Interest was paid on the city deposits, and monthly reports rendered to it by the bank as a municipal depository. The testimony in the case shows that both the city and the bank treated the bank as being the

municipal depository of the city. It is contended by the appellant that, since both the bank and the city acted as though the bank was the legal depository of the city, the city cannot now claim that it is not, or, in other words, that the city is estopped from doing so now; that, while there may have been irregularities in the manner of selecting the depository, and while the bond may not have been given and approved as required by law, at the same time it was a substantial compliance with chapter 138, Laws of 1910; and that for this reason the city cannot invoke section 3485, Code of 1906 (section 2823, Hemingway's Code).

This court has held in the cases of *Board of Levee Commissioners* v. *Powell,* 109 Miss. 415, 69 So. 215, *Powell* v. *Board of Supervisors,* 107 Miss. 410, 65 So. 499, Ann. Cas. 1916B, 1262, and *Bank* v. *Clark,* 114 Miss. 850, 75 So. 595, that the depository laws are mandatory, and must be strictly followed in selecting a depository for these public funds. It is contended by counsel for appellants that, under chapter 138, Laws of 1910, a personal or individual bond may be given in the case of a municipality. On the other hand, it is contended by counsel for the appellee that chapter 138, Laws, of 1910, relating to municipalities, requires the same character of bond or security as required by chapter 137, Laws of 1910, relating to county and drainage district depositories. A careful consideration of these two chapters of the Laws of 1910 has led us to the conclusion that the legal effect of chapter 138 is merely to extend to municipalities the rights and privileges provided for in chapter 137. Section 1 of chapter 138 states that municipalities are required to select a depository in the manner provided for the selection of county depositories. Section 2 of the act reads as follows:

"Each depository shall enter into bond, or deposit securities with the clerk as required of county deposi-

tories; such bond or securities to be approved by the board of mayor and aldermen.''

The bond referred to in this section is qualified and modified by the phrase ''as required of county depositories,'' just as is the phrase ''or deposit securities with the clerk.'' Otherwise the act would be silent as to the amount of bond. In fact, there is no reason why the same character of bond should not be required of a depository in the case of a municipality as is required in the case of a county or drainage district.

It therefore follows that there was no bond as required by law given by the bank, and therefore the bank failed to qualify as a municipal depository. Since the bank did not become the legal municipal depository, then the city had the right to proceed under section 3485, Code of 1906 (section 2823, Hemingway's Code). Having the right to proceed under this section of the Code, it was not necessary for the city to put in suit the bonds given it by the individual sureties. These sureties are not necessary parties to the suit. There could be no estoppel against the municipality in this case for the acts of its officers. *City of Hazlehurst* v. *Mayes*, 96 Miss. 656, 51 So. 890; *City of Bay St. Louis* v. *Board of Supervisors*, 80 Miss. 364, 32 So. 54; *Powell* v. *Board of Supervisors*, 107 Miss. 410, 65 So. 499, *supra*, Ann. Cas. 1916B, 1262; *Board of Supervisors* v. *Arrighi*, 54 Miss. 668.

The question is not presented by this record as to whether or not the liquidator of the bank, acting for the creditors of the bank, has any cause of action upon these bonds against the signers of the same, and for this reason we do not express any opinion upon this question.

The decree of the lower court is affirmed.

*Affirmed.*