**COAHOMA COUNTY, MISS., et al. v. MISSISSIPPI FIRE INS. CO. et al.**

No. 7130.

Circuit Court of Appeals, Fifth Circuit.

Jan. 27, 1934.

Sam C. Cook and J. L. Roberson, both of Clarksdale, Miss., for appellants.

William H. Watkins and J. Morgan Stevens, both of Jackson, Miss., and Ed. C. Brewer, of Clarksdale, Miss., for appellees.

Before BRYAN, SIBLEY, and HUTCHESON, Circuit Judges.

HUTCHESON, Circuit Judge.

This suit was against sureties on bonds securing county funds, to reform the bonds and recover on them as reformed a balance of about $14,000 in the sheriff and tax collector's account in the failed bank. This amount, as being not county, but state and levee board funds, the sureties had declined to pay. The sureties alleging that they had fully discharged their debt to the county, filed a cross-action for subrogation to the county's position against the bank in respect to the depository funds, in respect to county funds in the account of the sheriff and tax collector, and in respect to a claimed trust fund account resulting from the deposit of $21,503.53 in the bank as "paying agent" to pay bond coupons.

The appeal and cross-appeal are from a decree dismissing the bill and awarding the subrogation prayed for, except as to the trust fund claimed, and denying that prayer. Both appellants and appellees recognize that, as regards plaintiffs' suit and the claim of subrogation, except as to the special deposit, the case is in its general aspects so like the Le Flore County Case (State of Mississippi v. First Nat. Bank), (C. C. A.) 66 F.(2d) 9, as to be ruled in principle by it. Each of them in support of their respective demands for a different result than obtained there claim that the differentiating facts here are sufficient to require it. We may examine these claims.

Here, as there, the county contended that the sureties were liable, not only for county funds covered into the depository as such and paid before suit by the sureties, but for the sheriff and tax collector's account kept in the same bank. Here, as there, the sureties obtained a decree in the court below that they had fully paid. Here, as there, the sureties claimed and were allowed in the lower court subrogation to the extent of their payments. There, however, the bank alone had obligated itself to the county both for the depository funds as such and the funds belonging to the county in the sheriff and tax collector's account, while here, both bank and sureties have obligated themselves to pay, and the sureties claim they have paid, the county both the county funds covered into the depository, and those in the sheriff and tax collector's account as well. The sureties say that, having paid the bank's debt to the county, they are in a position to have full subrogation to the county's rights against the bank, though the sheriff still owes the county some $12,000 of county funds which, kept elsewhere than in the failed bank, he had used after the failure, to satisfy his obligation to the state and levee board for their funds in the failed bank, and though the sheriff has an unpaid balance in the failed bank of some $14,000. The county and sheriff urge that, until the sheriff and tax collector's account is paid in full, there can be no subrogation (1) because, as they unsuccessfully contended below, the bonds of the sureties covered the whole deposit and not merely the county's part of it; (2) because, as the sheriff carried his account in the two banks, it was one account in which state, levee, and county funds were inextricably intermingled, with no way of knowing in what proportion each was represented in the account, and therefore the sureties cannot be said, without paying the whole account of the sheriff in the failed bank, to have paid the county in full; (3) because, if the finding that, of the funds deposited in the sheriff and tax collector's account in the bank when it failed, only $28,000 were county funds, is correct, the fact that the sheriff used county funds in the other bank or in his safe to pay his debt to the state and levee district raises an equity in the county to have an equal amount of the sheriff's funds in the Planters' Bank so that until this amount is paid to it, the bank is still the county's debtor, and the sureties may not have subrogation; (4) in the alternative, that the funds in the account were the sheriff's and not the county's, and the sureties were, as to the sheriff, mere volunteers in paying the county anything on account of them, and that, in asserting rights in themselves to share with the sheriff in dividends on this account, they are mere interlopers.

The sheriff's argument, is apparently somewhat self-contradictory in regard to the present ownership of the funds in his account. It is consistent however in maintaining that the funds in the failed bank and those in the other bank and elsewhere which he used to pay his state and levee district obligations were his funds, subject entirely to his control and disposition, and that the sureties can neither identify any part of the account in the failed

bank as county funds, nor, by paying any part of it short of the whole, be subrogated in respect to that part.

We think this argument overlooks the essentially public character of the funds in the sheriff's account, and the unquestioned fact in law that the state, county, and levee board are beneficial owners of the funds which the sheriff collects for them. It was not meant to, we did not, hold in the Le Flore County Case, that the funds in the sheriff and tax collector's account were the sheriff's personal funds. We held directly to the contrary of that. We recognized that, until covered into the depository as provided by law, the sheriff had such complete and exclusive control of the county funds collected by him, of course as public money, that they could not be said to be funds in the possession of the county within the meaning of the surety bonds. We yet expressly held that they were county funds for which the bank was debtor, not to the sheriff, but to the county, and since the sureties had not paid this debt of the bank to the county, they could not have subrogation.

The District Judge found not only that the sureties have fully paid all that they agreed to pay, but that they have fully discharged the bank's debt to the county for funds of the county deposited with it as depository and in the sheriff and tax collector's account, and that they did this, not as volunteers, but as they were obliged to do. He awarded them full subrogation.

We think it clear that he was right, unless the fact that, as the account stood, the moneys in it were nominally the sheriff's, makes the sureties strangers to it and volunteers in paying any part of it to the county, or the fact that the sheriff, after the bank had failed and before it came time for him to settle with the county, having paid the state with moneys in part collected for the county, requires all the state and levee board collections in the failed bank to be treated as county funds.

The county and the sheriff admit that, it may well be that the bonds cover only the funds of the county deposited in the sheriff's account, and do not cover the funds of the state and levee board there. They urge that the sureties find themselves here, as they found themselves in the Le Flore County Case, prevented from claiming subrogation, not because they have not paid everything they have agreed to pay, but because here, as there, the bank is still debtor to the county. Not as there for its funds which the sheriff deposited, but because of the necessity the county is under, in protecting itself, of claiming the whole of the sheriff's account.

■ The first point, that the funds are the sheriff's and the sureties volunteers in paying on account of them, presents no difficulty at all. The sheriff collects the county funds and deposits them to his account, not personally, but officially. They are not private, they are public, funds. Sections 2913, 2914, 1930 Mississippi Code; Adams v. Williams, 97 Miss. 113, 52 So. 865, 30 L. R. A. (N. S.) 855, Ann. Cas. 1912C, 1129; Fogg v. Bank of Friar's Point, 80 Miss. 750, 32 So. 285; Commercial Bank of Brookhaven v. Hardy, 97 Miss. 755, 53 So. 395; Green v. Cole, 98 Miss. 67, 54 So. 65; Bank of Commerce v. Clark, 114 Miss. 850, 75 So. 595. Their bonds obligated the sureties to the county for these funds. When they paid the county, the sureties were subrogated to the county's position just as the sheriff is when he pays the county or state. Bank of Commerce v. Clark, supra.

■ Nor do we think that the second point under the facts of this case, presents any greater difficulty. There is certainly no difficulty springing from any trouble in tracing the county funds into the bank and reasonably determining what part of the sheriff's account, at the time the bank failed, was made up of them. The order of the county board directing the sheriff to deposit the county funds as near as may be, 60 per cent. in the Planters' Bank and 40 per cent. in the other bank, together with the findings of the auditor, make it reasonably certain what part of the county funds were there. Nor, under the facts, is there any basis for the claim that the sureties, in claiming subrogation to the county's position, are competing with it to its prejudice for funds to which it has a claim. Upon the findings of the court, which we find the record fully supports, the county has no further claim against the bank. The sureties have satisfied the claim it had.

Whether upon different facts than those we have the county, to collect what the sheriff owes it on account of its funds he appropriated to pay his debt to the state, might have laid claim to sufficient of the funds in the sheriff's account in the failed bank to make it whole, we do not decide. It is not before us. As the record stands, the sureties have satisfied all claims which the county has against the failed bank, and they are entitled to be subrogated to its position.

■ The claim of the sureties that the bank when it failed held in trust for the county a

fund of $21,503.53 deposited there to pay bond coupons, and that, having fully paid the county, they should be subrogated to that fund, may be summarily disposed of. The warrants which the sureties rely on as constituting the trust fund were not left with the bank in trust; they were deposited with it like all the other moneys in the depository were. The bank continued to pay interest on these amounts just as it did on the other depository funds, and these amounts were reckoned and paid by the sureties as a part of the depository fund for which their bonds stood liable.

Wholly apart, then, from the questions of augmentation and tracing with which the District Judge's findings deal, the sureties' claim fails in this regard. The proof shows, not the creation of a trust by the making of a special deposit, but the creation of the relation of debtor and creditor. It shows the making of a deposit special, only in the sense that other funds in the depository were special, in that a special entry was made on the books of the bank and on the books of the county in regard to these funds to designate the use to be made of the credit set up.

We find no error in the judgment. It is affirmed.